AT THE AUGUST TERM THEREOF, HELD AT CHARLESTOWN,
IN THE COUNTY OF JEFFERSON, COMMENCING
ON THE SEVENTH DAY OF AUGUST,
1878, AND ENDING ON THE
SEVENTH DAY OF
SEPTEMBER,
1878.

---

Charlestown.

| 13 | 707 |
| 38 | 149 |
| --- | --- |
| 13 | 707 |
| 45 | 594 |
| 13 | 707 |
| 48 | 14 |
| 13 | 707 |
| d55 | 646 |
| 13 | 707 |
| 66 | 339 |
| 66 | 408 |

## KERN v. ZEIGLER.

Decided September 7, 1878.

1878
Angust Term.

1. Under section 10 of chapter 99 of the Code of 1868, *assumpsit* will lie on a writing under seal, containing dependent covenants, when the covenant sued on contains a promise, undertaking, or obligation to pay money, where the instrument is signed by the party to be charged, or his agent.

1878
August Term.

Kern
v.
Zeigler.

2. In such an action, where there is a count on the writing under seal, the same particularity in pleading is required, as if the declaration was in covenant on such instrument.

3. Where the condition precedent lies, by the covenant itself, in a definite and certain form, and consists of certain facts to be performed by plaintiff, and what is required by the covenant is by the pleader in the declaration specifically set out, under the provisions of our statute law it is sufficient to allege in general form, that the plaintiff has performed them according to the true intent and meaning of the covenant.

4. It is not sufficient in such a case to allege, that the plaintiff was *ready* and *willing* to perform.

5. Where the circumstances surrounding a contract show, that it was to be performed on a certain day, at a certain place, in a certain State, and the plaintiff in a count in his declaration alleges, that he was on the day at the required place, *ready* and *willing* to perform his part of the contract, after setting forth what was required of him ; but that the defendant was not at the place on that day, but was absent from the State, the plaintiff has shown a sufficient legal excuse for not performing the covenants required of him ; and the count is good.

*Supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 21st day of March, 1877, in an action in *assumpsit*, in said court then pending, in which George Kern was plaintiff and F. E. Zeigler was defendant, allowed on the petition of said Zeigler.

Hon. G. L. Cranmer, Judge of the municipal court of Wheeling, rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement :

At September rules of the municipal court of Wheeling in 1876, the plaintiff Kern filed his declaration in *assumpsit* against the defendant. The declaration contained five counts. The third count was stricken out by the consent of plaintiff. The first count alleged, "that the plaintiff, at the time of the making of the indenture next hereinafter mentioned between himself and the said defendant, was seized in fee simple, with good title,

of a certain lot of land, containing about one acre and a half, situate in the lower part of the city of Bellaire, in the county of Belmont and State of Ohio, of which city the said plaintiff was at that time, and still is, a resident citizen ; and that he, the said plaintiff, was also then and there possessed of a certain good spring wagon, then being on the said lot of land ; and thereupon heretofore, to-wit, on the 9th day of April, 1874, at the said city of Bellaire, by a certain indenture, then and there made by and between the said plaintiff and the said defendant, bearing date a certain day and year therein mentioned, to-wit : the day and year last aforesaid, the said plaintiff, on his part, covenanted and agreed to convey to the said defendant, in fee, all of the said lot of land, by a warranty deed in common form, with good title, and a release of dower of the wife of the said plaintiff, if necessary, on or before the 1st day of May, then next following, and to give to the said defendant full and undisputed possession of the said lot of land on or before the said 1st day of May, and to sell to the said defendant, on or before the said 1st day of May, the said good spring wagon ; and in consideration thereof the said defendant by the said indenture covenanted and agreed, on his part, to pay to the said plaintiff the sum of $4,800.00, in the following manner, to-wit : $2,000.00 in money on the delivery of the deed for the said lot of land, and $2,800.00 in three negotiable notes payable to the said plaintiff, each for the sum of $933.33, and payable respectively in one, two and three years, after the said 1st day of May, 1874, with interest at the rate of eight per cent per annum, payable annually, which said notes were to be secured by a mortgage on the said lot of land, to be made by the said defendant to the said plaintiff. And it was then and there by the said indenture further agreed, that it should be optional with the said defendant, to pay the said three notes before the maturity of the same, if he should elect so to do ; and the said plaintiff should be bound to accept the money, when-

ever it should be offered to him, and therefor to give to the said defendant a quit claim deed: all of which by the said indenture fully appears.

*"And the said plaintiff says, that afterwards he, the said plaintiff, performed and complied with all the several matters and things, by and under the said indenture to be performed and complied with, on his part, according to the tenor and effect of the said indenture:* of all of which premises the said defendant afterwards, to-wit, on the 1st day of May, 1874, at the city of Wheeling had notice ; and the said plaintiff says, that the said defendant did not, on the 1st day of May, 1874, when, according to the tenor and effect of said indenture, he was bound so to do, nor at any time before or since that time, pay to the said plaintiff the said sum of two thousand dollars, in the said indenture mentioned, nor any part thereof, and did not deliver to said plaintiff the said three negotiable notes, nor any of them ; but therein wholly failed and made default. By means of which &c.; And being so liable, in consideration &c."

The *second* count sets forth the contract in substantially the same terms as the first ; and the plaintiff then alleges, " and the said plaintiff says, that afterwards, to-wit, on the 1st day of May, 1874, at the said city of Bellaire, where, according to the tenor and effect of the said indenture, it was incumbent on him so to do, he, the said plaintiff, *was ready and willing to convey to the said defendant* in fee all of the said last mentioned lot of land by a warranty deed, in common form, with good title, and a release of dower of the wife of said plaintiff, and then and there to give to the said defendant full and undisputed possession of the said lot of land, and to deliver to the said defendant the said good spring wagon, in this count mentioned, and to do all things by him to be done, according to the tenor and effect of the said indenture; and the said plaintiff has ever since been ready and willing so to do ; but the said defendant did not on the day and year, last aforesaid, nor at any time before or since that time, at the said city of Bellaire, accept

the said conveyance, nor pay to the said plaintiff the said sum of two thousand dollars, in the said last mentioned indenture mentioned, nor execute and deliver to the said plaintiff the said three negotiable notes nor any of them, nor accept the said last mentioned good spring wagon from the said plaintiff, but therein wholly failed and made default. And the said plaintiff says, that the said defendant, *on the day and year last aforesaid, was absent from the State of Ohio, and was in the State of West Virginia,* where he, the said defendant, then and since resided, so that the said plaintiff could not, on the day and year last aforesaid, at the said city of Bellaire, tender to him, the said defendant, the said last mentioned conveyance or the said last mentioned good spring wagon," &c.

The count further alleges a tender to said defendant of the conveyance and wagon, on the 20th day of May, 1874, at the city of Wheeling, and a refusal to accept the same, or to pay the purchase money. This we deem immaterial. It concludes with the allegation, that though often requested, he had not paid the purchase money, &c.

The *fourth* and *fifth* counts are *indebitatus assumpsit* for said lot and wagon, sold for so much, and promise to pay therefor.

There was a demurrer to the declaration and each count thereof, which was overruled ; and the defendant pleaded *non assumpsit,* and also payment and sets-off.

On the 5th day of March, 1877, the court, in lieu of a jury, tried the case, both parties consenting thereto ; and the court, not being advised of its judgment, took time to consider thereof; and on the 21st of March, 1877, rendered judgment in favor of the plaintiff, for $2,638.19 principal and interest, with interest thereon from that day.

To this judgment the defendant obtained a *supersedeas.*

1878
August Term.

Kern
v.
Zeigler.

*R. G. Barr,* counsel for plaintiff in error, relied on the following authorities :

2 Parsons on Con. 528 and cases cited 529, 530, 531, 649; 1 Chit. Pl. (1876) 329, 331, 336, 337, and notes; 1 Chit. on Con. 425, and notes; 2 Rob. Prac. 59, 73; 9 Gratt. 183; *Id.* 154; 1 Pet. 464; 3 Rand. 68; 7 Leigh 7; 3 Rob. Prac. 577; 16 Gratt. 312; 20 Johns. 135; 11 Wend. 48; 3 Den. 367; 16 Barb. 93; 1 S. & C. Rev. Stat. Ohio 458.

*H. M. Russell,* of counsel for defendant in error, cited the following authorities :

12 Gratt. 597; 9 Gratt. 154; 3 Rob. New Prac. 578; 24 Wend. 162; 4 Day 313; Code W. Va. p. 630 §28; 9 Bing. 363; 1 Man. & G. 757; 2 Man. & G. 90; Code W. Va. ch, 125, §29; 4 Rand. 346; 8 W. Va. 369; 24 Conn. 624; 5 Mass. 67; 1 Caine 45; 25 Wend. 405; 24 Conn. 640; 20 Miner 325; 114 E. C. L. 286; 5 Cush. 359; 7 Cush. 391.

*William Erkskine,* of counsel for defendant in error, cited the following authorities :

N. Y. Code Proced. §162; 9 Gratt. 154.

JOHNSON, JUDGE, delivered the opinion of the Court :

The only questions, presented in this case, arise on the demurrer to the declaration, and to each count thereof.

Syllabus 1.    The action is brought in *assumpsit,* under section 10 of chapter 99 of the Code of 1868, which provides, that " any action of debt or *assumpsit* may be maintained on any note or writing, whether sealed or not, by which there is a promise, undertaking or obligation to pay money, if the same be signed by the party, who is to be charged thereby, or his agent.   But in such a case, where

Syllabus 2.    there is a count on the sealed instrument, which contains dependent covenants, the same particularity in

pleading, is required, as if the declaration was in *covenant* on such instrument.

Objections here are made only to the *first* and *second* counts. The third count was by the court, with the consent of the plaintiff, stricken out. No objection is raised to the *fourth* and *fifth* counts; and I see none to them; and the demurrer to them and each of them was properly overruled.

It is here objected, that the *first* count is fatally defective, " because the allegation of performance of the covenant on the part of the plaintiff is general." It is insisted, that the declaration on its face should have pointed out specifically the *time and manner*, in which the plaintiff had performed his covenants.

In some of the States it has been held, that an allegation of general performance by the plaintiff is insufficient; but in England it is held, that such allegation of performance is sufficient. 3 Rob. Prac. 578 and cases cited. Mr. Robinson p. 578, says, "it is not denied in New York, that, when a condition precedent lies by the covenant itself in a definite and certain form, so definite, that it need not be made more certain for the purpose of pleading, then it is enough to say generally, that the party has performed it, according to the intent and meaning of the agreement, if the conditions, as contained in that, were fully stated; and so of any number of acts by way of precedent condition. *Wright* v. *Tuttle*, 4 Day 313; 24 Wend. 162. But this it is said by Cowen, Judge, is rarely so." In New York in a number of cases it has been held, that it is not enough to allege performance generally. In Virginia, as far as I have been able to find, there has been no adjudication of this precise question; and the question has never been passed upon by this Court.

While it is a general rule in pleading, that whatever facts are necessary to constitute the cause of action must be directly and distinctly stated, yet there has been much controversy as to the particularity, with which such facts

should be stated. It was held in *Allison* v. *Bank*, 6 Rand. 226, that in an action of debt on a bond, with condition for the faithful discharge of the duties of an officer, the declaration need not set forth the particular persons, from whom money was received, nor the sums received from each, nor the time when the breaches were committed, if it appears they occurred during the continuance of the defendant in office ; nor is it necessary to state the damages occasioned by the breaches.

We think even at common law, where the declaration sets forth particularly, what the plaintiff was required to do by the covenant, and those things are matters of fact only, that an allegation in general form, that the plaintiff " has performed all things by the covenant required of him, according to the tenor and effect thereof," is sufficient ; that in a case of this kind the objection is to the form, and not to the substance, of the declaration.

In *Varley* v. *Manton*, 9 Bing. 363, it was held, that pleading a general covenant of performance " according to the provisions of the said agreement " is sufficent, on general demurrer, although the agreement contains conditions precedent, specific averment of the performance of which would have been indispensible, on special demurrer.

Tindal, C. J., said : "We must take the words of the averment of performance, as they would strike any ordinary person. According to the provisions of said agreement, it overrides the whole of the preceding averments ; and it would be a violent construction to confine it to the last member of the sentence. That brings the case within the rule, that where there is a general allegation of performance, if the other party wants a more specific averment, he must demur specially."

Special demurrers were abolished by the Code of 1849, by the following provision : "On a demurrer, (unless it be a plea in abatement,) the court shall not regard any defect or imperfection in the declaration or pleadings, *whether it has been heretofore deemed mispleading or insuffi-*

*cient pleading, or not,* unless there be omitted something, so essential to the action or defense, that judgment according to law and the very right of the cause, cannot be given." This provision has been the law in Virginia and this State ever since the adoption of the Code of 1849. It has been construed in the following as well as other cases: *Smith's adm'r* v. *Lloyd's ex'r*, 16 Gratt. 295; *Coyle* v· *B. & O. R. R.,* 11 W. Va. 94.

Judge Roane, in *Ambler et ux.* v. *Norton,* 4 H. & M. 23 commenting on the provision in the Code of 1803, that declared, that on a *general* demurrer the court should not regard any defect or imperfection, unless something be omitted so essential, that judgment according to law and the very right of the case could not be given, said: "I am of opinion, that what is substance, or not, is to be determined on every action according to its nature."

In applying the law to each particular case, the court must determine, whether the objection is to the mere form, or to the substance, of the declaration. If it is to the form merely, since the statute abolished special demurrers, the declaration would be held good; but if it is to the substance, and there is omitted *something so essential to the action or defense, that judgment according to law and the very right of the case cannot be given,* a general demurrer would be sustained.

It is manifest to me, that the objection to the first count is to the form thereof, and not to the substance. The pleader was required, to show, that the plaintiff had performed, what was required of him, before he could require of the other party to perform his part of the agreement, covenants being dependent. This he has done, by setting out specifically the agreement, and specifically, what it required him to do, and a general allegation, that "he performed and complied with all the several matters and things, by and under the said indenture to be performed and complied with on his part, according to the tenor and effect of the said indenture." There is certainly nothing omitted here so essential to

the action, that judgment according to law and the very right of the case could not be given.

The demurrer to the first count was properly overruled.

In the *second* count there is not even a general allegation of performance, but that he was at Bellaire on the day the contract was to be performed, and was *ready and willing to convey*, &c., but that he was prevented from so doing by failure of the defendant to be there on that day, and that the defendant was on that day absent from the State of Ohio, and in the State of West Virginia, where he resided, &c.

Syllabus 4.

The covenants, declared on, are clearly dependent; and unless the excuse for not performing is valid, the count is clearly bad. *Roach* v. *Dickinson*, 9 Gratt. 154. In *Clark* v. *Franklin*, 7 Leigh 7, Tucker, President, said: "Nothing is more true, than that, where a contract is entire, and the covenants are dependent, the plaintiff is in general obliged to aver and prove a complete performance of all that was to be done and performed on his part, before he is entitled to demand payment from the other party. But to this well established rule, there is the equally well established exception, that, where the defendant has prevented a performance by the plaintiff on his part, it is not necessary, that the plaintiff should aver or prove a complete performance, to entitle him to his action. He may recover without doing so; and it is sufficient to show a *readiness* to *perform*, and that he was hindered by the defendant.". *Gas Co.* v. *Wheeling*, 8 W. Va. 369, opinion of *Haymond Judge*; *Smith* v. *Lewis*, 24 Conn. 624; *Borden* v. *Borden*, 5 Mass. 67; *Smith* v. *Smith*, 25 Wend. 405.

Syllabus 5.

The circumstances surrounding this case show, that it was to be performed in Bellaire, in the State of Ohio, where it was made. *Pugh* v. *Cameron's adm'r*, 11 W. Va. 523. It was the duty of the defendant to be at that place, on that day, to accept the deed and wagon, and pay the money, and execute the notes, &c. His absence from

1878
August Term.

Kern
v.
Zeigler.

the State that day excused the plaintiff from performance of his part of the agreement, if he was then ready and willing to perform. *Smith* v. *Smith*, 25 Wend. 404; *Tasker* v. *Bartlett*, 5 Cush. 359; *Fessard* v. *Mugnier*, 114 Eng. C. L. 284. It was not the duty of the plaintiff. to follow the defendant out of the State, to make a tender of the deed and wagon. The *second* count is therefore good and the demurrer thereto was properly overruled.

The *third* count being abandoned before the trial, and all the others being good, the demurrer was as to the whole declaration properly overruled.

There being no error in the record, the judgment of the court is affirmed with costs and damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.