# CHARLESTON.

## JONES *v.* SINGER MANUFACTURING CO.

Submitted June 8, 1893.—Decided November 4, 1893.

1. ASSUMPSIT—PLEADING.

   Where an action of *assumpsit* is brought on an entire contract under seal, in which the covenants are dependent, and the pleader sets forth the contract in a special count, it is not sufficient for the plaintiff to aver his readiness and willingness to perform the condition precedent contained in the contract, but he must go further and show a sufficient legal excuse for his non-performance.

2. NEW TRIAL.

   The admission of irrelevant testimony, if it be of such a character that it could not possibly prejudice the opposite party, before the jury, is not ground for granting a new trial.

3. NEW TRIAL.

 A new trial, asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice, not in a doubtful case merely because the court, if on the jury, would have given a different verdict.

4. NEW TRIAL.

 Where a motion for a new trial is made, on the ground that the verdict was contrary to the evidence, and the motion is denied, the opinion of the court, which tried the cause, is on such point entitled to great respect in the appellate court, and the appellate court will grant such new trial only in case of a plain deviation from right and justice.

HENRY M. RUSSELL for plaintiff in error, cited 13 W. Va. 709; 9 Gratt. 154; 2 Add. Cont. §§ 871, 881; 8 Wall. 77, 84; 8 W. Va. 474; 15 S. E. Rep. 149.

JOHN J. JACOB for defendant in error, cited Sedg. Dam. (6th Ed.) 251, 415, 416; 2 Dan. 610; 44 Pa. St. 99; 25 W. Va. 65.

ENGLISH, PRESIDENT:

This was an action of *assumpsit* brought by F. P. Jones against the Singer Manufacturing Company, in the Circuit Court of Ohio county, on the 27th day of February, 1890. The plaintiff was an employe of the defendant, engaged in in the business of selling and leasing sewing machines under several successive contracts in writing, dated respectively the 1st day of March, 1886, the 6th day of December, 1886, the 1st day of October, 1888, the 12th day of November, 1888, the 15th day of February, 1889. Each of these contracts except the last-named one bound the plaintiff to devote his entire time and attention exclusively to the business of the defendant in selling and leasing machines and machine-supplies, and collecting the proceeds, and in carrying out the instructions of defendant.

 The contract of February 15, 1889, appears to have been a modification of the former agreements and provided, that the plaintiff should devote a part of his time and attention exclusively to collecting the accounts of the defendant from time to time intrusted to him by the said defendant, and to selling the sewing machines and sewing-

machine-supplies made and furnished by said defendant and none other, and in all respects to faithfully carry out the instructions of defendant.

The contracts of March and December, 1886, were designated as "F. contracts," and the contracts of October and November 1888, were designated as "E contracts."

The declaration which was demurred to by the plaintiff in error, purports to set forth specifically the covenants contained in these several contracts; and the common counts are added. The demurrer was overruled, and the action of the court in overruling said demurrer is assigned as error. In support of the demurrer, the plaintiff in error cites the case of *Kern* v. *Zeigler*, 13 W. Va. 707, and contends that, the covenants sued on being dependent, it was not sufficient for the plaintiff to aver that he was ready and willing to perform his part under the contract but he should have alleged an offer to do so.

Now we must concede at once, if the plaintiff in his declaration had contented himself with averring that he was ready and willing to perform his part under the contract, after reciting the terms of the contract the action of the court in overruling the demurrer could not have been sustained; but the pleader went further in this count, and, after averring that the plaintiff was at all times ready and willing to perform his part of said contracts, he avers that the defendant contriving to injure and defraud the plaintiff in the premises unjustly and wrongfully refused to permit him to collect the money so coming due to it under the written leases aforesaid, and thereby prevented him from collecting and paying over the money, which became due and payable to the defendant under said written *leases*, but that the defendant wrongfully and unjustly collected and received on the written leases aforesaid, given to it for sewing machines made and furnished by it and sold and leased by the plaintiff in the collecting districts allotted to him, and so sold and leased by him in the period extending from March 1, 1886, to the 1st day of October, 1888, *etc.*

The covenants in this case must be regarded as dependent, and in the case of *Roach* v. *Dickinsons*, 9 Gratt. 154, in

which case the covenants were dependent, it was held that the averment that the plaintiff was ready and willing to execute and deliver a deed, was not sufficient, that being an action of covenant to recover the purchase-money for a piece of land. Also, in the case of *Clark* v. *Franklin*, 7 Leigh, 1, TUCKER, P., in delivering the opinion of the court said: "Nothing is more true than that where a contract is entire, and the covenants are dependent, the plaintiff is in general obliged to aver and prove a complete performance of all that was to be done and performed on his part before he is entitled to demand payment from the other party. But to this well-established rule there is the equally well-established exception that, where the defendant has prevented a performance by the plaintiff on his part, it is not necessary that the plaintiff should aver or prove a complete performance to entitle him to his action. He may recover without doing so, and it is sufficient to show a readiness to perform, and that he was hindered by the defendant."

In the case of *Kern* v. *Zeigler*, 13 W. Va. 708, although it was held, in the fourth point of the syllabus, that "it is not sufficient in such a case to allege that the plaintiff was ready and willing to perform," yet in the fifth point of the syllabus of the same case it was held, that where it appeared that the plaintiff was ready and willing to perform his part of the contract after setting forth what was required of him, but that he was prevented by the action of the defendant, the count was good.

The plaintiff in the count under consideration having set forth all that he was required to do under these successive contracts; which were in some respects modifications of the preceding ones, and having averred his readiness and willingness to comply with said requirements, and having further set forth that he was prevented from so doing by the action of the defendant, we think he has thereby shown a sufficient legal excuse for not performing the covenants required of him, and that the pleader in framing said count has brought himself within the rule laid down in the case of *Kern* v. *Zeigler*, *supra*.

Counsel for the plaintiff in error contends that this count

is defective, because it fails to allege, that the plaintiff had been continuously in the employment of the defendant under the agreement of March 1, 1886, and that the collections were made by the defendant, while the plaintiff was in its employment under that agreement, when it affirmatively appears, that after the 15th day of February, 1889, the plaintiff was in the employment under another agreement inconsistent with that of March 1, 1886, providing, that the plaintiff should devote a part of his time to the service of the defendant.

Now the claim asserted by the plaintiff in this case is for commissions on sales made and leases taken by him during the period extending from March 1, 1886, to October 1, 1888, and it is true that the sixth clause of the contract of March 1, 1886, provides, that the employe shall not be entitled to any commission on money received by the employer after the termination of his employment under this agreement whether from sales or leases made by said employe during such employment or otherwise. The third clause of the contract of December 6, 1886, paragraph b, however, provides for a commission of twenty five *per cent.* (payable weekly and during the employment only) on such moneys collected by said employe, and paid over to the employer, in payment for sewing machines sold or leased by said employe under this agreement and under the agreement of March 1, 1886, within the collection district allotted to him; showing that it was clearly the intention of the contracting parties to place the contract of December 6, 1886, upon the same footing, so far as compensation in the way of commissions was concerned, and to modify said first-named contract so as to continue the plaintiff in the employment of the defendant, and entitle him to commissions, no matter which contract the sales or leases were made under.

The parties by subsequent agreements in writing had the unquestionable right to make modifications in the original contract; and, although the first contract provided, that the compensation was to be paid for certain specified services under that contract, there was nothing to prevent them from doing as they did—modify said contract so as

to allow to the plaintiff commissions for services rendered under the subsequent agreement. And when we refer to the eighth clause of the contract of December 6, 1886, we find it provided, that the employe should not be entitled to any commission on moneys received by the employer, after the termination of his employment, on sales or leases made under that agreement. This modification would surely entitle the employe to receive commissions for his services, no matter whether he devoted a portion or the whole of his time to the business, so long as he continued in the defendant's employment.

The declaration avers, that the plaintiff devoted his entire time and attention exclusively to the collection of all accounts intrusted to him by the defendant, and to selling the sewing machines and sewing machine supplies made and furnished by the defendant from the 1st day of March, 1886, until the 15th day of February, 1889; and from the 15th day of February, 1889, until and upon the day of the commencement of this suit he had devoted a part of his time and attention to the same purpose, *etc.;* so that during the period, for which he claims compensation to wit: from March 1, 1886, to October 1, 1888, the averment is made, that he was in the continuous and exclusive employment of the plaintiff under said first-named contract and its modifications; and we can not see that the plaintiff's right to recover can be prejudiced or precluded by the fact, that by a subsequent modification of the contract which relates to a period, for which the plaintiff asserts no claim for compensation, he was to devote only a portion of his time to defendant's service.

It is further contended by counsel for the plaintiff in error that the contract of March 1, 1886, contained a provision, that the defendant might at its option increase or decrease the number of accounts intrusted to the employe for collection without otherwise affecting the terms of the agreement, and the employe should forfeit all claims to any commissions on payments on any account, after it had been withdrawn from him. This clause, however, was inserted for the benefit of the plaintiff in error; and, if it was entitled to any reduction in commissions by reason of its hav-

ing withdrawn accounts, *etc.* from the plaintiff, this is a matter of defence, which might have been set up by the defendant. This Court has held in the case of *James* v. *Adams*, 8 W. Va. 568, that, "in actions founded on special contracts the declaration should state the entire consideration." Also, in the case of *Davisson* v. *Ford*, 23 W. Va. 618, it was held that "in framing the declaration on a special contract it is necessary to set out the whole consideration, on which is based the defendant's promise, and it must at the trial be proved as stated, or the plaintiff must fail because of the variance." In the count under consideration the pleader has, as we think, complied with this requirement.

Counsel for the plaintiff in error also contends that, if the plaintiff was entitled to recover anything, it was not the contract-commissions but the actual pecuniary loss to him arising from the defendant's act. This would have been at best (as he claims) the difference between the commissions contracted for and the expense which the plaintiff would have incurred in collecting the claims. We can not, however, see what the defendant had to do with the expenses incurred by the plaintiff in making the collections. If the accounts were collected, the plaintiff under the contract was entitled to the commissions, no matter what it may have cost him to make such collections. 2 Suth. Dam. p. 440, under the head of "Hiring for Fixed Wages," states the law as follows:

"Where the contract is express, and fixes the amount of compensation on performance, that stipulated compensation is the measure of damages, whether the action is brought on the contract or in general *assumpsit.*" And in the case of *Dermott* v. *Jones*, 2 Wall. 1 (second point of syllabus) the court hold that, while a special contract remains executory the plaintiff must sue upon it. When it has been fully executed according to its terms, and nothing remains to be done but the payment of the price, he may sue either on it or in *indebitatus assumpsit* relying in the last case upon the common counts; and in either case the contracts will determine the rights of the parties."

We also find that in Sedgwick on Measure of Damages

(page 390, note 1) it is said that "where an agent employed for an agreed commission to sell land finds a purchaser at the stipulated price, but the principal declines to sell and revokes the agent's authority, the law implies a contract on the part of the principal to pay what is reasonable, and it seems the measure of damages would be the whole commission;" citing *Prickett v. Badger*, 1 C. B. (N. S.) 296; *Moses v. Bierling*, 31 N. Y. 462; *Doty v. Miller*, 43 Barb. 529.

In view of these authorities, we are of opinion that the plaintiff has committed no error in setting forth his cause of action, and the court committed no error in overruling the defendant's demurrer.

The next error assigned and relied on by the plaintiff in error is claimed to be in the action of the Circuit Court in admitting certain evidence upon the trial of the case to the jury against the defendant's objections; and counsel for the plaintiff in error in his brief calls attention to the following questions as objectionable, and which he contends should have been excluded, to wit: "During that time (meaning from March 1, 1886, to February, 1889) state how far your services had been satisfactory to the company." Again the question was asked: "In that conversation (meaning one had with a certain Mr. Gee at the depot) what was said by you indicating that you had released in any way or cancelled your old contract in regard to these collections?"

As to the first question objected to we can but regard it as legitimate. The plea interposed was *non assumpsit*. An effort was being made to show that the plaintiff had not complied with the terms of his contract, and in response to this the plaintiff, as we think, was properly allowed to show, that the manner, in which he had performed the services, had been satisfactory, or that no complaint had ever been made as to the way, in which they were rendered. An averment is contained in the declaration that the plaintiff did devote his entire time from March 1, 1886, to February 15, 1889, to the service of the defendant in collecting accounts and selling machines; and, although it might be regarded that testimony showing a part of his time subsequent to that date was irrelevant to some extent, yet we

can not perceive, that the defendant was injured by evidence tending to show, that services were performed by the plaintiff subsequent to that date, which were acceptable to the defendant ; and, if the court committed an error in admitting the same, it must be regarded as a harmless error. And, even if the evidence referred to must be regarded as irrelevant, this Court has held, in the case of *Huffman* v. *Alderson's Adm'r*, 9 W. Va. 616, that "the admission by the court of irrelevant testimony, if it be of such a character that it could not possibly prejudice the opposite party before the jury, is not good ground for granting a new trial." Looking at the entire evidence which was before the jury, our conclusion is that the court committed no error in refusing to exclude the plaintiff's evidence from the jury.

The refusal of the court to give certain instructions is assigned as error by the defendant. Said instructions were three in number, and read as follows :

(1) "If the jury believe from the evidence that in February, 1889, the plaintiff notified the defendant that he, the plaintiff would not thereafter devote his entire time to the service of the defendant, but would devote a part of his time to other business, this, in the absence of other explanatory circumstances, would constitute a termination, at the pleasure of the plaintiff, of the contracts of March and December, 1886, and October and November, 1888, and thereafter the said contracts could only be continued in force by the consent of both parties."

(2) "If the jury believe that in February, 1889, the plaintiff terminated at his pleasure the contracts of March and December, 1886, and of October and November 1888, or any of them, then the plaintiff had no right under said contracts, or any of them, to continue, without the consent of the defendant, to make collections thereafter of amounts remaining unpaid on sales or leases made by the plaintiff under such contract or contracts so terminated, or to recover from the defendant commissions on collections of such amounts thereafter made by it."

(3) "If the jury believe from the evidence that prior to the making of the contract of February, 1889, there was a

dispute or controversy between the plaintiff and the defendant whether the plaintiff should thereafter be permitted to make collections and receive commissions on sales or leases made under the contracts of 1886 and of October and November, 1888, and if they further believe from the evidence that the contract of February, 1889, was entered into by the parties for the purpose and with the intention of settling that dispute, then the jury should find for the defendant."

The first of these instructions was calculated to mislead the jury, and the court committed no error in rejecting it. The contract of February, 1889, was a modification of the former contracts in some respects. It allowed the plaintiff to devote only a portion instead of his entire time to the service of the defendant. It did not provide for a cessation of plaintiff's employment. but on the contrary provided for a continuance of it under the modifications therein set forth. Both parties agreed, that the plaintiff might devote a portion of his time to the service of defendant. The consent of the defendant was given to this modification. Therefore the instruction was well calculated to mislead the jury, by instructing them, that if they believed, that in February, 1889, the plaintiff terminated at his pleasure the contracts of March and December, 1886, and of October and November, 1888, or any of them, then the plaintiff had no right under said contracts or any of them to continue without the consent of the defendant to make collections thereafter of amounts remaining unpaid on sales or leases made by the plaintiff under such contract or contracts so terminated, or to recover from the defendant commissions on collections of such amounts thereafter made by it; and said instructions should have been rejected for the further reason that there is no evidence tending to prove the facts therein recited.

Instruction No. 2 was properly rejected, because there was no evidence before the jury tending to prove the facts therein stated.

Instruction No. 3 was also properly rejected, for the reason that if the contract of February, 1889, was made to settle a dispute between the plaintiff and defendant (and

there is no proper testimony to show that such was the fact) yet the contract must speak for itself, and it can not be added to by parol testimony; and, even if it was made to settle a dispute, we can see no reason why, for that reason, the jury should find for the defendant.

It is also assigned as error that the court refused to exclude the plaintiff's evidence from the consideration of the jury; and it is also claimed, that the court erred in overruling the defendant's motion for a new trial, and rendering a judgment upon the verdict. These assignments may be considered together, as they both depend upon the character and weight of the testimony.

. In the case of *Miller* v. *Insurance Co.*, 12 W. Va. 116, this Court held, that a new trial asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice, not in a doubtful case, merely because the court, if on the jury, would have given a different verdict. See, also, *State* v. *Maier*, 36 W. Va. 758 (15 S. E. Rep. 991). See, also, *State* v. *Hunter*, 37 W. Va. 744 (17 S. E. Rep. 307) where it was held, that, where a motion for a new trial is made, on the ground that the verdict was contrary to the evidence, and the motion is denied, the opinion of the court, which tried the cause, is on such point entitled to great respect in the appellate court, and the appellate court in such case will grant such new trial only in the case of a plain deviation from right and justice. There is some conflict in the testimony upon the questions of fact. The jury found the issue for the plaintiff, and the court below refused to disturb the verdict after having seen the witnesses and heard them testify.

Applying the principles of law above quoted to the facts proven, we can not say, that the finding of the jury was a deviation from right and justice; and for these reasons the judgment complained of must be affirmed with costs.