# CHARLESTON.

## UNION STOPPER CO. v. McGARA.

| 66 | 403 |
| p66 | 461. |
| p66 | 462 |

Submitted January 15, 1909.   Decided December 7, 1909.

1. SUBSCRIPTIONS—*Enforcement—Consideration.*

    Where one agrees, by way of subscription to the promotion of a glass factory, to convey real estate of a stated value to parties who, relying upon such agreement, keep and perform on their part the things undertaken to be done as a consideration for the subscription, the contract is binding and damages may be recovered for its breach in failing to convey. (p. 404).

2. SAME—*Enforcement—Nature of Remedy.*

    A contract of subscription to an enterprise providing on the part of the subscriber only for the conveyance of real estate of a stated value is not, in any event, a contract for the payment of money. Redress for failure of the subscriber to observe his contract is by suit for damages, not for a debt. (p. 405).

3. ASSUMPSIT, ACTION OF—*Declaration—Sufficiency.*

    Counts in *assumpsit* which aver defendant's undertaking and a legal consideration therefor, the breach of defendant in failing to keep that undertaking, and the injury to plaintiff therefrom, are generally sufficient. (p. 407).

4. PLEADING—*Declaration.*

    Counts of a declaration which omit in their averments nothing so essential to the action that judgment according to law and the very right of the cause cannot be given, are sufficient. (p. 408).

5. SAME—*Surplusage.*

    If a count alleges sufficient matter of fact to warrant a recovery, all material allegations may be disregarded. Surplusage never vitiates a declaration. (p. 409).

6. ASSUMPSIT, ACTION OF—*Declaration—Promise—Sufficiency of Allegation.*

    Generally, a count in *assumpsit* which shows that what is equivalent to a promise has taken place is good without the use of the word "promise." (p. 409).

7. SUBSCRIPTIONS—*Action—Declaration—Contents—Material Matters.*

    Where notice to a defendant of any fact is not necessary to fix the alleged liability on him, it need not be averred in stating the case. (p. 410).

Error to Circuit Court, Monongalia County.

Action by the Union Stopper Company against Samuel Mc-

Gara. From a judgment for defendant on sustaining demurrer to declaration, plaintiff brings· error.

*Reversed, Demurrers Overruled, and Remanded.*

*Charles E. Hogg, James C. Frazer,* and *Lazelle & Stewart,* for plaintiff in error.

*Robert E. Guy,* for defendant in error.

ROBINSON, JUDGE:

In this action in *assumpsit,* a demurrer to the original declaration, as to each of the three special counts thereof, was sustained. Two amended special counts were filed, and a demurrer as to each of them was sustained. The plaintiff dismissed its case as to the common counts, and declined to amend as to the special counts held bad on demurrer. Thereupon the action was dismissed. Plaintiff comes here, assigning that it was error to sustain the demurrers.

The action is founded upon the following writing, which was signed by the defendant and a number of other· persons:

"The undersigned, citizens and residents of the City of Morgantown, Monongalia county, West Virginia, for and in consideration of the benefits and advantages to accrue to us by reason of the performance of the acts and things hereinafter set forth to be done and performed by the Glass Company hereinafter named, agree to donate to C. N. Briscoe and Thos. L. Waters, or to such person or company as they shall direct, the real estate described and of the value set opposite our respective names, and we believe that the valuation put on such real estate is a fair and reasonable value therefor.

"The conditions of this subscription or donation are as follows: The said Briscoe and Waters will organize a glass company to be known by the name of· ................. Company, which will purchase for cash the site formerly occupied by the Monongalia Textile Company, and the buildings thereon, and will convert the same into a glass factory for the manufacture of glass specialties, paying cash for said property and improvements, estimated at $20,000.00, employ not fewer than one hundred and fifty work people and deposit in local banks to be used for the purposes of the said Glass Company the sum of $100,000.

"Deeds for said real estate shall be delivered to the Federal Savings & Trust Company, to be held by it in escrow, and shall not be delivered until the conditions above named have been fully complied with.

| Name | Amount | Description and Location | Value |
| --- | --- | --- | --- |
| S. McGara | $500 | .... in lots in South Mor." | |

It is necessary to determine the true meaning and interpretation of the writing before proceeding to test the sufficiency of the averments in relation to liability growing out of it. What liability does it impose upon the parties to it? What are their dependent relations, the one to the other?

Clearly the party signing this paper made a subscription thereby for the promotion of a glass factory. In consideration of benefits to accrue to him from such an enterprise in his neighborhood he agreed to do something. Unless we go into the realm of conjecture and search for something arising from uncertain implication, it is not difficult to say what the party subscribing agreed to do. The subscriber agreed to deliver into the possession of a trust company a deed to Briscoe and Waters, or to any other party they might designate, conveying real estate of the value of five hundred dollars. That deed was to be held in escrow by the trust company. By the holder in escrow, the deed was to be delivered to the grantees, or their assigns, when they should have complied with the obligations stipulated to be kept and performed on their part. The subscription plainly bound McGara presently to make and deliver such deed to the trust company for the benefit of the other parties. And in case they complied with what they agreed to do, that deed belonged to them. If they did perform and McGara did not, the breach is on him. If he performed his part, and they failed in theirs the injury for not keeping the contract was the other way. Both parties were bound. The paper evidences dependent promises, the one party to the other. McGara had nothing to do in carrying out his part of the agreement but to make and deliver in escrow the deed for real estate of the value stipulated. When he did that, he performed what he agreed to do. In brief, he agreed to make and deliver in escrow a deed for real estate of the value of five hundred dollars, for his doing which they were to build

and put in operation a glass factory. He did not agree to pay money for such consideration on the part of Briscoe and Waters. He chose to subscribe real estate to the enterprise, and they chose to contract for that particular commodity. We do not know why the parties contracted in relation to real estate, but they did. We must assume that good reasons actuated them. Yet having so contracted we can only deal with the contract, for either party, as one demanding satisfaction of the subscription in real estate. It is not a promise to pay money to the enterprise; it is a promise to convey real estate to it. No particular real estate is required to be conveyed, except that its general location is stipulated. But it must be of the value of five hundred dollars. Neither is the contract, technically, one to pay the sum of five hundred dollars in real estate. The terms in fact do not so provide. Nor is it a contract to pay that amount if the real estate is not conveyed. The subscriber had no option to pay in money. The other parties are entitled to the amount of real estate agreed to be conveyed after compliance on their part. The contract promises them nothing but real estate. We can only interpret the contract by the generally accepted meaning of the terms the parties have employed. There is no ambiguity in it.

That the contract to convey so much real estate was binding on McGara in case Briscoe and Waters performed is well settled law. We have said it was a subscription. That is what the parties themselves called it. The subscriber agreed to convey real estate to the extent of a particular value. That was the real effect of his subscription. The subscription was an offer which might be revoked before performance by the other parties. But unless it was expressly revoked before that time, it was binding on the subscriber after performance by the parties to whom the offer was made. No revocation of the offer appears upon the demurrers under consideration. At this term, in *National Valley Bank of Staunton* v. *Houston,* we held that though a contract be treated as a mere subscription, "if the subscription be acceded to, on the terms on which it is made, and labor or money be expended on the faith thereof, the party making the subscription in bound thereby." In relation to subscriptions, 1 Page on Contracts, section 298, says: "The necessary consideration is usually found in the assump-

tion by the promisee of new liabilities in reliance upon the promise, such liabilities being of a kind contemplated by the offer." For this proposition a multitude of authorities are cited by the author. "Where the subscription is made on condition that something be done or that a certain amount of money in the aggregate be subscribed, the performance of the condition by the payee or by the party accepting the terms of the offer constitutes a consideration sufficient to support the subscriber's promise." 27 Amer. & Eng. Enc. of Law 278.

McGara did not perform his part of the agreement. Briscoe and Waters did perform their part. They assigned their rights to Union Stopper Company, the glass company which they promoted in reliance upon the subscription. The contract even contemplated this assignment. Through that company they did what they agreed to do through such a company. What redress under the contract has the plaintiff? Its remedy is of course one suitable to reach the case made by the non-performance of McGara. It cannot demand a specific sum of money for McGara did not subscribe that. There has not been non-performance in the payment of money. It cannot sue for specific performance of a contract to convey certain and specific real estate. McGara did not contract to convey any particular lot or lots. But he did agree to help the enterprise by the conveyance of real estate of a certain value. If he does not do this, he owes no debt, but he damages the other party. That party may seek to recover the damages by an appropriate action.

The plaintiff has sought redress for the non-delivery of the deed for five hundred dollars worth of real estate by appropriate action, *assumpsit*. In each of three special counts in the original declaration it has averred the undertaking on the part of defendant to make and deliver in escrow the deed for real estate as agreed to be done in the paper writing we have hereinbefore set forth, the failure of the defendant to keep and perform that undertaking, the full performance of the things stipulated to be done by Briscoe and Waters as consideration for performance on the part of McGara, and the damages arising to plaintiff from the defendant's non-performance of his part of the contract. The averments of each of the two amended counts are substantially to the same extent.

In other words, each of these original and amended counts, as we view them, aver defendant's undertaking and the consideration therefor, the breach of the defendant in failing to keep that undertaking, and the injury to plaintiff therefrom. What more is essential to present the plaintiff's case? It is sufficient to show a legal obligation resting on defendant in favor of the plaintiff, one based on a valid consideration, the failure of defendant to perform that obligation, and the damages arising to the plaintiff therefrom. A careful examination of each of the original and amended counts reveals a showing of the essentials that we have mentioned. True it is, these counts are somewhat cumbersomely drawn and each contains matter that is not essential to a statement of plaintiff's case. But in all the mass of averments, we observe relevent averments which do make a case for the plaintiff. Then shall we say the counts are bad? Must we not exclude from consideration matters not necessary to be averred as mere surplusage? We may exclude the surplusage and yet leave sufficient averments of a state of facts which would entitle the plaintiff to recover if they are proved. The test is whether there is sufficient substance in the count to make a case. The mere form of the declaration or count is not to be considered upon demurrer, though it is most commendable in a pleader to set forth the essential facts in a direct and concise way. "On a demurrer * * * the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence that judgment according to law and the very right of the cause cannot be given." Code, chapter 125, section 29. *Kern* v. *Zeigler,* 13 W. Va. 707. "No action shall abate for want of form, where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case." Code, chapter 125, section 9. "A declaration containing the necessary averments, so that judgment according to law and the very right of the cause may be given thereon, is sufficient, although not artistically and critically drawn." *Davidson* v. *Railway Co.,* 41 W. Va. 407. Each of the counts under consideration contains averments which make a case good in law. But the counts go further and introduce matter and averments that are

not pertinent to the duties and obligations of the parties legally arising from the undertaking declared upon.    For instance, while averring matters' which show the liability of the defendant for a breach of his undertaking to convey the real estate, the pleader has endeavored to turn the case to one of an obligation to pay an indebtedness of five hundred dollars because of his failure to convey.    Indeed we may say that an effort has been made to declare upon the breach of the contract to make and deliver the deed for the real estate and in the same count to declare upon the theory that the undertaking was a subscription of five hundred dollars in money to the glass factory, if the real estate was not conveyed.    Yet the last paragraph in the declaration avers the damage to the plaintiff that has accrued by reason of "the matters and things" in the several counts set forth.    That closing averment must relate to that which is legally sufficient to justify the plaintiff's demand for damages—the breach of the contract to make and deliver a deed for real estate.    The averments of an indebtedness and all matter thereto related, must be excluded as insufficient and as constituting mere surplusage.    With the surplusage excluded, a cause of action is shown.    There nevertheless appears the real cause of action that arises to the plaintiff because of defendant's disregard of his actual undertaking.    "Surplusage never vitiates a declaration, and is treated as if it had never been inserted therein."    Hogg's Pl. and Forms, 59.    If a count alleges sufficient matter of fact to warrant a recovery, all immaterial allegations may be disregarded as surplusage.    Injury from such immaterial matters in a declaration may be prevented by objection to evidence and by application for proper instructions.    *Pennington* v. *Gillaspie,* 63 W. Va. 541; *Robrecht* v. *Marling's Adm'r.,* 29 W. Va. 765.

It is urged against the various counts that they do not sufficiently aver a promise on behalf of the defendant.    We find that they come within the rule that "generally, a declaration which shows that what is equivalent to a promise has taken place is good without the use of the word 'promise.' " 2 Enc. Pl. and Pr. 997; 1 Chitty on Pl. 301; Hogg's Pl. and Forms, section 84.    Then it is said that the breach assigned in the various counts is not co-extensive with the undertaking averred. Let the immaterial matter which cannot truly relate to the case

be excluded, the breach assigned is then co-extensive with the real agreement set forth and averred.

A specific objection made to the declaration is that notice to the defendant of the performance on the part of plaintiff is not averred. It suffices to observe that it is not essential to aver notice in that regard since plaintiff's right of action does not depend on the giving of such notice. The undertaking clearly contemplated performance by the defendant before performance on behalf of plaintiff. It was defendant's duty to deliver the deed to the trust company. He was entitled to no notice that the other party had performed before it became his duty to execute and deliver the deed. He agreed to do that upon consideration that the other party agreed to do certain things. He must do it without awaiting the performance by the other party. In contracts based on dependent promises, it is usual for one of the parties to be obliged to perform before the other. Here it was defendant's duty to perform first. Then, why should notice be given him of performance on behalf of the plaintiff? Defendant could, he must, by his contract, perform his undertaking without notice of anything done by the opposite parties. Why should McGara agree to deliver a deed in escrow if the delivery of the deed in escrow were not to be made until Briscoe and Waters had performed their part of the contract? The contract virtually says that the deed is to be made and held awaiting performance on the part of Briscoe and Waters. In this defendant failed, it is averred. That being true, why should defendant, in order to fix liability on him, have notice that they performed? Tucker's Com., Book 3, p. 144; Hogg's Pl. and Forms, section 96.

As we have stated, we view each of the counts as containing matters substantially setting forth the real case of liability for damages arising from a failure to convey the real estate as defendant agreed by his contract of subscription. Viewing the case in the true light of the liabilities growing out of the contract, there has not been omitted anything so essential to the action that judgment according to law and the very right of the case cannot be given. The judgments sustaining the demurrers will be reversed, the demurrers will be here overruled, and the case remanded for further proceedings. It is perhaps unnecessary to suggest the utility of an amendment of

the .declaration so   as to strike from, it the surplusage and more clearly and concisely to state the real case that arises from the alleged failure of defendant to keep his contract.

*Reversed, Demurrers Overruled, and Remanded.*