## CHARLESTON

FERGUSON v. MIDDLE STATES COAL & COKE CO.

Submitted February 3, 1915. Decided February 23, 1915.

MASTER AND SERVANT—*Injury to Servant—Proximate Cause—Failure to Safeguard Machinery.*

> The statute, Code 1913, ch. 15H, sec. 59, providing for the safe-guarding of machinery and other apparatus in certain establish-ments, when dangerous to persons employed therein, was intended to protect against injuries by direct contact with the machinery and other apparatus mentioned. Violation of this statute does not afford basis for an action where the injury complained of comes only indirectly and consequentially from the machinery or other apparatus. Liability for such injury must be tested by common-law principles.

Error to Circuit Court, McDowell County.

Action by S. J. Ferguson against the Middle States Coal & Coke Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Strother, Taylor & Taylor*, for plaintiff in error.

*N. H. Hairlson* and *Russell S. Ritz*, for defendant in error.

ROBINSON, PRESIDENT:

Defendant, a mining corporation, brings error as to a judgment against it, recovered by plaintiff as damages for a personal injury received while employed in defendant's mine.

The mine in which plaintiff was injured is entered by a shaft straight down into the earth, one hundred and eighty feet deep. Through this shaft an elevator is operated for the purpose of carrying up and down the employees working in the mine, taking out the coal mined therein, and letting down such materials as may be needed for the mining operations. At the time of the injury complained of, this elevator was one of modern invention, in its general make substantial and safe, operated by electrical power. When used for carrying the employees, a guard or railing enclosed and protected them.

When used for carrying the cars of coal out of the mine or taking material into it, the railing was removed, and the elevator consisted of the platform and the beams. There was a space of more than a foot between the front and back of the platform and the walls of the shaft. It was necessary, it is said, to have this space for ventilation of the mine and other purposes.

On the day plaintiff was injured, the second or third day of his employment, the elevator was being used to take some steel rails into the mine. Plaintiff was directed by the mine foreman to assist in removing the rails from the elevator and in placing them a short distance back in the mine, at the side and in the clear of the car tracks. One load of rails, about ten or twelve, had been taken down, and plaintiff was proceeding in the work at which he had been placed. The elevator had gone again to the top of the shaft, and employees there were placing on it another load of rails. In loading them on the elevator, a rail was allowed to fall into the shaft, through the open space at the front of the platform. When it reached the bottom it buckled, reached slightly into the mine where plaintiff was working, knocked him down, and injured him. The rails were too long to be laid on the platform, so it was necessary to incline them against a cross beam, with one end resting on the platform. A strip of wood or mine tie was nailed along the front of the platform, and the ends of the rails were rested against this. In loading the rails, the platform was lowered a few feet into the shaft; employees then would let down one end of a rail to the platform and tilt the rail over to the beam where another employee was stationed. In the process of this method the rail that struck plaintiff fell into the shaft.

Plaintiff based his action on the following grounds: That defendant did not use reasonable care to provide him a safe place to work; that defendant did not use reasonable care to provide him with experienced and careful fellow-servants; that defendant neglected to warn him of the risks and hazards of the employment; and that defendant failed to comply with a statutory duty to safeguard the elevator.

Many errors are assigned, but it will be unnecessary to take them up specifically. What we shall say generally will.

sufficiently cover them for the purposes of present review.

As to all the grounds of liability for negligence to which we have referred, the declaration sufficiently states a case, except as to the last—the assertion of liability for violation of a statute. We are of opinion that the statute relied on, does not apply to the facts and circumstances pleaded. The reference to liability on that ground, however, amounts only to surplusage in the declaration. Excluding it, a good cause on the other grounds nevertheless appears. *Union Stopper Co.* v. *McGraw*, 66 W. Va. 403.

The case was submitted by instructions to the jury on the theory of liability for violation of a statute. The law did not warrant this. The law and the evidence did however warrant a submission to the jury of the question whether defendant had exercised reasonable care to provide plaintiff a safe place to work, whether it had properly warned him of dangers in the premises, and perhaps other questions associated with these, together with the theories of contributory negligence and assumption of risk relied on as defenses. Wherein the court instructed the jury that they might find liability for a violation of a statute, there is error plainly prejudicial to defendant.

The statute relied on by plaintiff is as follows: "In all manufacturing, mechanical and other establishments, in this State, where machinery, belting, shafting, gearing, drums and elevators, are so arranged and placed as to be dangerous to persons employed therein, while engaged in their ordinary duties, shall be safely and securely guarded when possible, and if not possible, the notices of the danger shall be conspicuously posted in such establishments, and no minor or female of any age shall be permitted to clean any of the mill gearing or machinery in such establishments while the same is in motion." Code 1913, ch. 15H, sec. 59. Defendant insists that this statute applies only to establishments like factories, and that it does not apply at all to mines. We shall not directly decide that point. It is not necessary to decision herein. Still it would seem that a coal mining plant is an establishment within the provisions of this statute, and that if there are machinery, belting, shafting, gearing, drums and elevators used in connection therewith, which are dangerous

to persons employed therein, they must be safely guarded when it is possible to do so. However this may be, this statute plainly was not meant to prevent injuries such as the one proved in this case. It was evidently intended to guard against injuries to employees by coming in direct contact with the machinery, belting, shafting, gearing, drums and elevators in the establishments where they are employed. It was made to fence employees away from machinery, other mechanical apparatus, and elevators, however perfect they may be, and not to guard against imperfections in the same reaching into the distance and causing injury. The makers of the statute left that to be covered by the common law as it already was. The statute discloses the evil sought to be remedied by it. We must confine it to the purpose that brought it into existence. In all such establishments as it mentions there is palpable danger that those employed therein may get their limbs or bodies in the machines and other mechanical apparatus near which they must work or pass, let them be ever so careful. To guard against this, the statutory duty of fencing the machines and apparatus was put on the owners of such establishments. In view of this evident purpose that called the statute into enactment, we must give it a construction that goes no further than protection from the dangers which were in the legislative mind. We would not be warranted in extending the force of the statute to injuries coming to employees indirectly or consequentially from the machines and so forth, thereby fitting it to dangers that did not call for its enactment. To do so would be judicially to legislate.

A revolving drum attached to a wall, if dangerous, must be guarded, by this statute, not to keep the drum from falling and thus causing injury, nor to provide against imperfections in its make or suitability, but to keep persons from coming in direct contact with it. On the same principle the statute requires an elevator to be guarded, to keep persons from being hurt by direct contact with the elevating apparatus or the elevator shaft. This being the evident purpose of the statute, it does not embrace the idea that an elevator shall be guarded in order to provide against its imperfections which may allow inanimate objects to fall into the shaft. Liability for injury

. by such imperfections, both in the instance of the revolving drum and the elevator, rests on another score.

No statute provides that mine hoists or elevators shall be guarded when carrying coal and other materials, to keep the same from falling into the shaft. If there is liability on defendant for negligence, as there may be, it must be ascertained on common-law principles.

The trial court erred in applying the statute to the facts proved. Whether negligence on the part of defendant brought on the injury to plaintiff must be determined on other grounds by a new trial. The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed, and new trial awarded.*