# CHARLESTON.

STANDARD FASHION COMPANY v. E. H. LOPINSKY

Submitted September 16, 1919.   Decided September 23, 1919..

1. ASSUMPSIT ACTION OF—*Plaintiff Must Declare Specially on Exe-.
cutory Agreement.*
    To recover in assumpsit for the breach of an executory agreement creating an agency, plaintiff must declare specially on the contract. The general counts alone will not suffice, though they may be used in connection with the special count where occasion demands.

Error to Circuit Court, McDowell County.

Action by the Standard Fashion Company against E. H. Lopinsky. Judgment for plaintiff, and defendant brings error. Reversed, verdict set aside, and case remanded.

*Strother, Taylor & Taylor,* for plaintiff in error.

*Litz & Harman,* for defendant in error.

LYNCH, JUDGE: .

The parties to this action entered into a "mutual agreement" whereby the Standard Fashion Company granted to E. H. Lopinsky an agency in Welch, McDowell County, for the sale of Standard Patterns, to continue three years from April 21, 1916, and from term to term thereafter unless sooner terminated upon notice as therein provided; and agreed to sell and deliver to him Standard Patterns at a discount of fifty per cent from retail prices, "advertising matter" on certain conditions, and such other publications as the Standard Fashion Company should issue, and to allow Lopinsky to return discarded patterns at stated intervals for credit upon the account for other patterns sold and delivered or to be delivered to him under the contract.

For the use of the agency so established Lopinsky agreed to purchase annually 5000 Standard Fashion Sheets for free distribution, and Handy Catalogues to a number not less than............, and to keep constantly on hand Standard Patterns of the value of $300 at net invoice prices, and to pay for pattern stock of the amount named five dollars in cash, forty-five dollars within thirty days, fifty dollars in sixty days after the shipment, "the balance of the purchase price * * * to remain unpaid as a standing credit during the continuance of this agreement, and to become due and payable at its termination," with interest "at the rate of three per cent per annum on January 15th of each year, all other purchases to be paid for on or before the 15th day of the month succeeding the date of shipment."

The agreement permitted either party to terminate it by giving to the other, within thirty days after the expiration of any contract period, three months' notice in writing, at or before the expiration of which time Lopinsky was to return all Standard Patterns bought under the contract and then on hand, and the Standard Fashion Company to credit on the account three-fourths of the original cost of such patterns as he returned in good condition, and pay Lopinsky within thirty days after the receipt of the same, in cash, any balance then due him. Neglect to return the pattern stock within two weeks after expiration of the time specified in such notice was to relieve the Standard Fashion Company from all obligation to redeem them.

From time to time plaintiff shipped to defendant and he received goods of the character mentioned and described in the agreement, and on November 4, 1916, they had a settlement and ascertained a balance of $118.70 to be due plaintiff on these various shipments, for which amount defendant drew his check and delivered it to plaintiff who received the sum called for therein. It seems that defendant agreed to pay plaintiff an additional sum of $100 on or before December 1, 1916, but for what purpose is not clear. This amount defendant had not paid at the date of the action, but the judgment of which he complains includes it and the $200 standing credit and the value of goods which seem to

have been shipped by plaintiff and received by defendant after the date of the settlement.

The declaration contains the general counts only. There is no special count on the contract. Obviously there is no merit in the assignment that the action of the court upon the demurrer to the declaration was erroneous, the counts being in the usual form. But there is palpable error, such as we think calls for reversal, in the rulings upon the admissibility of certain evidence to which defendant objected, especially in permitting the contract to be read to the jury and considered by them in arriving at their verdict. Of course where the parties to a contract have performed all of its covenants, leaving nothing to be done except the settlement of the accounts arising out of the transaction and payment of the agreed consideration, or such part of it as remains unpaid, a declaration in debt or assumpsit containing only general counts suffices for all purposes.

However, if the contract is executory and its covenants remain unperformed at the date of the action, and plaintiff sues in assumpsit for a breach, he must declare specially upon the contract. The general counts alone do not suffice, though they may be used along with the special count where occasion demands. Their scope is too narrow and restricted to admit recovery for the breach. They rest upon an implied promise to render compensation, but there is no necessity for an implication of such a promise where there is a contract between the parties containing an express promise to that effect. "Damages for the breach of a special contract unexecuted are not recoverable under the common counts in assumpsit." *Mankin* v. *Jones,* 68 W. Va. 422; *Thomas* v. *Mott,* 78 W. Va. 113; 5 C. J. 1386. Such indeed is the general rule. The gist of the action is the loss suffered by plaintiff by being deprived of the benefit of his contract, in this case the value of the goods and chattels sold and delivered to defendant and not paid for by him as agreed. Plaintiff is damaged to the extent it has not received the price or value of the goods sold, as to which value the parties themselves agreed.

The mere promise and failure to pay for goods ordered and furnished pursuant to the terms of the contract within

thirty days after delivery of the shipment did not give plaintiff the right to recover the standing credit, because it was not due when he sued, and was to become due and payable only upon the termination of the contract, and its termination was to be effected only after three months' notice in writing given within thirty days after the expiration of any contract period, according to an express stipulation of the agreement itself. Until it was ended in the manner provided by the parties themselves plaintiff could not require defendant to pay the amount of the standing credit. Until then it was not due and never would become due and collectable while the parties performed their covenants. If defendant failed to perform his covenants, thereby in legal contemplation putting an end to the contract and entitling plaintiff to the standing credit, it could be recovered in assumpsit only upon a special count upon the contract.

*Judgment reversed, verdict set aside, case remanded.*