Roy Beall *v.* Morgantown & Kingwood Railroad Company

(CC 534)

Submitted September 25, 1935.  Decided October 22, 1935.

*Ernest H. Gilbert, Jr.,* for plaintiff.
*Stewart & Hamstead,* for defendant.

WOODS, JUDGE:

This certificate involves the sufficiency of an amended declaration, four special pleas and two special replications, the trial court having overruled demurrers to the amended declaration, the special plea of "want of authority of agent to execute and failure of defendant to ratify contract," and the two special replications to said plea, and having sustained demurrers to the special pleas of "accord and satisfaction," "conditions performed and conditions unbroken," and "release."

This action is based on an alleged breach on the part of defendant company of a promise to furnish employment to plaintiff so long as his services are satisfactory to said company.

The declaration, after alleging that the defendant and the plaintiff, on June 5, 1911, entered into and executed an agreement, incorporates the same in *haec verba,* which writing

stripped of its introductory and concluding paragraphs, reads as follows:

"Whereas the said party of the first part was injured on June 11, 1910, at Manown on the M. & K. Railroad while in the employ of the said party of the second part as fireman; and

"Whereas the said party of the first part is not at this time able to follow his usual occupation of fireman, but is able to do other work for said party of the second part.

"Now, therefore, this agreement witnesseth; that for and in consideration of the premises the said party of the first part agrees to work for the said party of the second part at whatever he may be able to do, and the said party of the second part hereby agrees to employ the said party of the first part as long as his work is satisfactory to the company, and to give him such work as he may be able to do.

"It is hereby understood and agreed that the said party of the first part shall have the right to work at least one day in each year as fireman on an engine hauling a train over said railroad."

Then follows an allegation that although plaintiff has kept his part of the agreement and has always been ready and willing to work for defendant at whatever he might be able to do, etc.; yet the said defendant has not, since the 28th day of May, 1932, employed said plaintiff, except for one day in April, and one day in May, 1933.

The declaration is attacked on demurrer on the ground that it fails to set out (1) the agent's authority to execute the contract on behalf of the company; and (2) a consideration or benefit, deemed valuable in law, to support the promise declared on.

The declaration alleges, as heretofore indicated, that the defendant entered into a contract with the plaintiff. We are of opinion that this is a sufficient allegation, on demurrer, that F. K. Bretz, General Manager, who executed the contract on the part of the defendant, was authorized to do so. *St. Paul Land Co.* v. *Dayton et al.*, 37 Minn. 364, 34 N. W. 335; 4 Fletcher on Corporations, sec. 3055.

It is apparent from a reading of the agreement that nothing

appears on its face which amounts, in law, to a consideration for either the promise of the plaintiff to work, or the promise of the defendant to finish work, etc. In other words, the paper, when considered in the light of either party's promise, reveals no act other than a promise; no forbearance; no creation, modification or destruction of a legal relation; or no return promise bargained for and given in exchange for said promise. So, in the absence of a specific averment in the declaration setting out the actual consideration for the agreement, the pleading, under the law, is clearly demurrable. Kittle's Modern Law of Assumpsit, 173, 275; 3 Standard Proc. 210; 5 C. J. 1396; *Beverleys* v. *Holmes,* 4 Munf. 95; *Moseley* v. *Jones,* 5 Munf. 23; *James & Mitchell* v. *Adams,* 16 W. Va. 245. It is apparent from an allegation in the special replications, which are to be considered later in this opinion, that plaintiff, if he be so advised, will be able to supply the necessary averment of consideration by amendment.

By its special plea of "want of authority of agent to execute and failure of defendant to ratify contract" the defendant avers that agreements such as the one declared on will not be recognized or enforced against a corporation, unless the general manager who executed the same on its behalf was specially authorized so to do by its duly authorized governing board, or his act subsequently ratified by it; and that Bretz, as general manager, was not authorized to sign on its behalf, and that his act was never ratified, an that, therefore, said agreement is not enforceable, etc. That a general manager ordinarily is without authority to act on behalf of a company in such instances, is supported by the law. *Pedicord* v. *Elm Grove Mining Co.,* 110 W. Va. 116, 157 S. E. 89; *Kelly Convertible Wagon Co.* v. *Rhodes Mfg. Co.,* 102 W. Va. 16, 135 S. E. 242; *Carroll-Cross Coal Co.* v. *Abram Creek Coal & Coke Co.,* 83 W. Va. 205, 98 S. E. 148. The plea sets up a good defense. So, the circuit court properly overruled the demurrer thereto.

Two special replications were filed to the foregoing plea. No. 1 sets up that the defendant was a "family corporation" owned by the Elkins interests; that directors' meetings were

not held at regular intervals; that authority to transact all business necessary to proper management was given to Bretz, the person, who in capacity of general manager, executed the contract declared on; that it was the custom of said general manager to enter into such contracts, after first having submitted same to Elkins interests for approval; that said contract was executed by Bretz for defendant "for the purpose of satisfying and settling the claim of the plaintiff against said defendant growing out of injuries sustained by the plaintiff as a result of defendants' negligence while plaintiff was in employment of defendant"; that before executing contract Bretz followed the usual custom in said cases and negotiated with plaintiff for settlement of claim, and after terms satisfactory to both had been agreed upon, submitted said terms to the Elkins interests for approval; that Elkins interests did approve of the terms and same were embodied in the contract, and same executed by Bretz with knowledge, etc., of Elkins interests.

Special replication No. 2, which was the same as No. 1, down to and including the purpose for the contract's execution, avers further that after its execution plaintiff did not further press against defendant his claim resulting from said injuries; that officers and directors knew of existence of terms prior to execution, and made no effort to deny validity, but accepted benefits accruing to the defendant thereunder; that even if not properly authorized, defendant has ratified same by implication.

These replications were attacked, on demurrer, on the ground that they seek to circumvent the allegations of the plea by setting up that defendant was a "family corporation," etc., and that if proven would in no wise meet the allegations of said special plea, inasmuch as a corporation speaks only through its records. Defendant's assumption in this respect overlooks the fact that plaintiff is not attempting to falsify the records of the corporation but to set up facts from which a ratification may be implied in law. The demurrers to the special replication were properly overruled.

Each of the three remaining pleas, namely, "accord and satisfaction," "conditions performed and conditions un-

broken'' and ''release,'' allege that plaintiff was injured on the 11th day of June, 1910, while employed by defendant as a locomotive fireman; that at the date of contract plaintiff's recovery was not sufficient to permit him to resume regular occupation; that plaintiff and defendant both believed his injuries were of such nature that plaintiff would not thereafter be able to resume work; that if he remained in service he would have to be given lighter work; that said agreement was entered into upon, and only because, of such assumption; that thereafter plaintiff became and was so fully and completely recovered from said alleged injuries and so restored in health that he was able to, and did, resume his former occupation of fireman and was shortly thereafter promoted to engineer; and that in 1932 he was furloughed because of general business conditions.

It is defendant's contention that plaintiff's subsequent recovery, and acceptance of old position of fireman, etc., amounted, in law, to an accord and satisfaction, performance, or release, of the contract of June 5, 1911; and that said contract, in view of the situation existing at the time of its execution, was based on the mutual assumption that the plaintiff would not thereafter be able to resume his employment as fireman.

So, it becomes necessary, before giving consideration to the remaining allegations of the three special pleas, to construe the contract, the terms of which, having been set out in the declaration, are necessarily admitted by each of said special pleas.

The contract does state that plaintiff ''is not at this time able to follow his usual occupation as fireman''; and the company agrees to give plaintiff such work as he may be able to do, as long as satisfactory to it. But, there is another provision that must be considered and given some meaning, if possible. It reads: ''It is hereby understood and agreed that the said party of the first part shall have the right to work at least one day in each year as fireman on an engine hauling a train over said railroad.'' This, when considered in all its aspects can contemplate but one thing—a recovery and resumption of his former employment. It was not inserted

merely to revive fond memories of better days. If recovery was contemplated, then the permanent disability feature goes out of the picture. It seems, from the foregoing, and the consideration which plaintiff sets up in his replication heretofore referred to, that the primary purpose of the contract, although not specifically set out in the contract, was to head off a possible law suit, for damages sustained by plaintiff due to defendant's alleged negligence. Being of opinion that the contract must be so construed, the defendant's interpretation thereof falls, and it becomes unnecessary to consider the sufficiency of the three pleas in question. The demurrers thereto were properly sustained.

*Rulings on demurrers reversed in certain instances and in others sustained.*