ROBERT E. WRIGHT

*v.*

STANDARD ULTRAMARINE AND COLOR COMPANY

(CC 820)

Sumbitted September 20, 1955. Decided December 6, 1955.

*Milton J. Ferguson, Edward H. Greene, C. M. Morgan,* for plaintiff.

*J. J. N. Quinlan, H. L. Ducker,* for defendant.

HAYMOND, JUDGE:

In this action of assumpsit instituted in the Circuit Court of Cabell County on March 30, 1954, the plaintiff, Robert E. Wright, seeks recovery from the defendant, Standard Ultramarine and Color Company, a corporation, in the amount of $38,000.00 for breach by the defendant of a contract between it and the plaintiff who is a former employee of the defendant.

The plaintiff filed and relies upon an amended declaration but he did not file with it any account stating distinctly the several items of his claim, as provided by Section 18, Article 4, Chapter 56, Code, 1931, with respect to the allegations of the first count of the amended declaration.

To the amended declaration of the plaintiff, which contained a purported common count and a special count, the defendant filed its written demurrer by which it challenged the legal sufficiency of the amended declaration and each of its two counts on several specified grounds. The defendant also filed its plea of non-assumpsit and six special pleas.

By order entered January 28, 1955, the circuit court

overruled the demurrer of the defendant to the amended declaration and each of the counts, and on March 11, 1955, on its own motion, certified its ruling upon seven points of law, arising upon the demurrer, to this Court.

On April 18, 1955, this action was placed upon the docket of this Court for hearing and on September 20, 1955, the questions presented by the certificate were submitted for decision upon the demurrer to the amended declaration and the briefs filed in behalf of the respective parties.

The first count of the amended declaration, which purports to be a common count, alleges that the defendant on March 18, 1954, in Cabell County, was indebted to the plaintiff in the sum of $38,000.00 for work and services performed by the plaintiff over a long period of years for the benefit of the defendant at its request; that $30,000.00 of the amount sued for is due the plaintiff "under a paid up Group Annuity Contract"; that $8,000.00 of the amount sued for is due the plaintiff for "salary and fringe benefits,"; that being so indebted the defendant, "in consideration thereof," promised the plaintiff to pay him, on request, the amount so due him, but that the defendant, though often requested, has not paid, and refuses to pay, the amount due the plaintiff, or any part of it, to the damage of the plaintiff in the amount sued for of $38,000.00.

The second count of the declaration, a special count, alleges that the plaintiff for the past thirty six years has been an employee of the defendant and during that period he has always performed his duties and fulfilled his obligations in a manner satisfactory to the defendant; that on December 1, 1950, the defendant introduced into its plant a supplementary contract of employment, embracing a retirement income plan for all its full time salaried employees, which included the plaintiff and entitled him to the benefits of the plan; that the defendant "widely heralded" the plan as of "inestimable benefit to the covered employees" and distributed a pamphlet, sign-

ed by its president, which described the benefits to be derived from the plan; that the plaintiff later received a certificate, issued by The Prudential Insurance Company of America, which showed that the defendant was covered by a group annuity contract as a participant; that under the plan each full time salaried employee of the defendant who was not over sixty five years of age on December 1, 1950, was eligible to participate in the plan after completing two years of active service with the defendant; that the normal annuity date of the participant occurred on the first day of the month next following his sixty fifth birthday; that there were also certain provisions known as vesting requirements which were fulfilled if the participant had completed at least twenty years of continuous employment with the defendant and had attained his fifty fifth birthday; that, though the defendant paid the premiums under the plan, when the plan was inaugurated "there came into being a binding contract between the company" and the plaintiff as a participating employee; that the defendant adopted the plan as a means of inducing qualified and capable men to join its organization and to continue in its employment the persons then employed; that the consideration for the defendant's promise to pay the premiums was the continuance in its employment of qualified employees who remained and worked for the defendant in reliance upon their retirement in security, either upon reaching the normal annuity date or after having fulfilled the vesting requirements; that the plaintiff intended to leave the employment of the defendant but did not do so solely because it had established a plan which gave him assurance that he would receive an income from his retirement; that under the plan if the employment of a participant is terminated after his fifty fifth birthday and after he has completed twenty years of continuous service, he is entitled to receive, from his normal annuity date, the annual amount of normal retirement annuity purchased for him under the policy, but if his employment is terminated before he fulfills the vesting require-

ments the annuity is cancelled, he will receive nothing, and the amount paid as premiums remains to the credit of the defendant; that the plaintiff would have become fifty five years of age on November 3, 1953, which the defendant knew on March 18, 1953, when its president summarily discharged him, terminated his employment, and relieved him of his duties, in breach of contract, in order that the defendant would not be required to continue to pay the premiums under the annuity retirement plan and the plaintiff would be unable to receive the benefits under it; that the plaintiff was then offered a cash settlement of $5,000.00 if he would resign; that the plaintiff never, at any time, neglected his duties; and that there were no reasons whatsoever for his dismissal from the employment of the defendant.

The second count also alleges that the plaintiff had a vested interest in the accumulated sum paid under the retirement plan introduced by the defendant for the joint benefit of the defendant and its employees; that on December 15, 1952, he received a letter from the defendant stating that his future compensation would consist of salary, retirement plan premiums and "many fringe benefits"; that the plaintiff was then being compensated for his work by his salary and the retirement plan premiums which were an integral part of his compensation; that because of the retirement plan adopted in the year 1950 the plaintiff remained in the employment of the defendant, which he would not otherwise have done, and at that time he had the understanding and the agreement with the defendant that as long as he properly performed his duties he would be continued in his employment; that "under such circumstances and in the light of the agreement between them as aforesaid there came into existence a valid contract upon which there had been a meeting of the minds and which was not subject to being broken or disregarded"; and that though he received a notice from the defendant under date of December 15, 1953 that beginning January 1, 1954 his basic salary would be increased to $725.00 per

month and that he would receive certain other amounts to which he would be entitled in consideration of his employment, he was summarily dismissed. without reason or cause in violation and breach of contract.

The second count further alleges that upon reaching his fifty fifth birthday on November 3, 1954, the plaintiff, if he had then been in the employment of the defendant, would have had a vested interest in a paid up group annuity contract of $30,000.00 from which, when he reached the age of sixty five years, he would have received the sum of $2400.00 per year for the remainder of his life; that the unjustified dismissal of the plaintiff in breach of contract has deprived him of his salary and "fringe benefits" amounting to the sum of $8,000.00, all of which he has lost by breach of contract; that the defendant, not regarding but expressly repudiating its promise and undertaking, would not continue the plaintiff in its said employment but, on the contrary, in breach of contract, dismissed him without cause; and that as a result the plaintiff has lost "the amounts as hereinbefore set out" to the damage of the plaintiff in the amount of $38,000.00.

In support of its demurrer the defendant assigns numerous grounds which are indicated by the questions certified.

The questions of law presented by the certificate of the circuit court, in substance, are:

(1) Whether the plaintiff has alleged in his amended declaration a cause of action in assumpsit against the defendant for retirement benefits provided for in a contract between the defendant and The Prudential Insurance Company of America, inasmuch as the amended declaration shows that under such contract any retirement benefits were to be payable only by The Prudential Insurance Company of America;

(2) Whether there is a misjoinder of an action based on contract under the allegations of the first count with

an action in tort, under the allegations of the second count, of the amended declaration;

(3) Whether the plaintiff has stated a cause of action in the second count of the amended declaration for the recovery of any part of the sum of $30,000.00 claimed by him as damages for the loss of retirement benefits, inasmuch as the allegations of that count show that under the terms and the provisions of the plan for retirement benefits an employee never acquires any rights, vested or otherwise, if his employment is terminated before his fifty fifth birthday and that the employment of the plaintiff was terminated before his fifty fifth birthday;

(4) Whether the employment of the plaintiff by the defendant was at will, terminable at the pleasure of either the plaintiff or the defendant, and whether the plaintiff has alleged a cause of action for damages in the amount of $8,000.00 for loss of prospective salary and "fringe benefits;"

(5) Whether, if the plaintiff in his amended declaration has alleged a contract of employment between the plaintiff and the defendant other than an employment at will, the alleged contract of employment is within and not enforceable under the statute of frauds because it is not in writing signed by or for the defendant and is not to be performed within one year;

(6) Whether the damages alleged in the amended declaration are too speculative, uncertain and conjectural to permit recovery because they are conditioned upon the continuation of the life of the plaintiff to an advanced age and are not ascertainable in this action; and

(7) Whether the right of the plaintiff, if any he has, to recover benefits under the retirement plan can be determined only in a suit in equity and not in a law action of assumpsit.

The action of assumpsit is divided into two distinct branches. These are general or indebitatus assumpsit and special assumpsit. 7 C. J. S., Assumpsit, Action of, Section 1; 4 Am. Jur., Assumpsit, Section 2; Hogg's Pleading and Forms, 4th Edition, Section 108; Kittle, The Modern Law of Assumpsit, Section 99; 1 Chitty on Pleading, 16th American Edition, Section 295, page 377. General assumpsit is based upon a promise implied in fact or implied by law and, in certain circumstances, upon an express promise. 7 C. J. S., Assumpsit, Action of, Section 9; 4 Am. Jur., Assumpsit, Section 7; Kittle, The Modern Law of Assumpsit, Section 99. In general assumpsit use is made of the common counts which are described as indebitatus assumpsit, quantum meruit, quantum valebant and an account stated. Hogg's Pleading and Forms, 4th Edition, Section 136; Kittle, The Modern Law of Assumpsit, Section 103. Special assumpsit is based on a special contract which contains an express promise. 4 Am. Jur., Assumpsit, Section 7; 7 C. J. S., Assumpsit, Action of, Section 6; Kittle, The Modern Law of Assumpsit, Section 99.

Assumpsit, whether general or special, is based upon contract and a contract, express or implied, written or verbal, sealed or unsealed, is necessary to support the action. 7 C. J. S., Assumpsit, Action of, Section 4; 4 Am. Jur., Assumpsit, Section 6; *Hall* v. *The Philadelphia Company,* 74 W. Va. 172, 81 S. E. 727; *Waid* v. *Dixon,* 55 W. Va. 191, 46 S. E. 918; *Morgantown Bank* v. *Foster,* 35 W. Va. 357, 13 S. E. 996; *State for the use of Lanham* v. *Harmon,* 15 W. Va. 115. The gist of the action of assumpsit is the promise of the defendant and such promise must be alleged. *Danser* v. *Mallonee,* 77 W. Va. 26, 86 S. E. 895; *Bashar* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company,* 73 W. Va. 39, 79 S. E. 1009; *Union Stopper Company* v. *McGara,* 66 W. Va. 403, 66 S. E. 698; *Bannister* v. *Victoria Coal and Coke Company,* 63 W. Va. 502, 61 S. E. 338; *Wheeling Mold and Foundry Company* v. *Wheeling Steel and*

*Iron Company,* 62 W. Va. 288, 57 S. E. 826; *Waid* v. *Dixon,* 55 W. Va. 191, 46 S. E. 918; *Robinson* v. *Welty,* 40 W. Va. 385, 22 S. E. 73; *Sheppard Adm'r* v. *Peabody Insurance Company,* 21 W. Va. 368; *Burton and Company* v. *Hansford,* 10 W. Va. 470, 27 Am. Rep. 571. This requirement applies alike to general assumpsit and to special assumpsit, except in an action of special assumpsit based on a promissory note, or a bill of exchange, or a note payable to bearer in an action by him. Hogg's Pleading and Forms, 4th Edition, Section 117; *Dole* v. *Weeks,* 4 Mass. 451.

When the contract has been executed by the plaintiff and nothing remains but the payment of money by the defendant the plaintiff may maintain general assumpsit and the declaration may contain common counts based upon an implied promise, or special counts based on an express contract, or both common counts and special counts, at the election of the plaintiff, if the same plea may be entered and the same judgment may be rendered on such counts, or if the counts are of the same nature and the same judgment may be rendered even if the pleas may be different. Kittle, The Modern Law of Assumpsit, Sections 99, 101, and 105; *Wise* v. *Wise,* 101 W. Va. 186, 132 S. E. 639; *Whitaker-Glessner Company* v. *Suburban Brick Company,* 86 W. Va. 621, 104 S. E. 62; *Standard Fashion Company* v. *Lopinsky,* 84 W. Va. 523, 101 S. E. 152; *Gaffney* v. *Stowers,* 73 W. Va. 420, 80 S. E. 501; *National Valley Bank of Staunton* v. *Houston,* 66 W. Va. 336, 66 S. E. 465; *Lord and McCracken* v. *Henderson,* 65 W. Va. 321, 64 S. E. 134; *Bannister* v. *Victoria Coal and Coke Company,* 63 W. Va. 502, 61 S. E. 338; *Lawson* v. *Williamson Coal and Coke Company,* 61 W. Va. 669, 57 S. E. 258; *Empire Coal and Coke Company* v. *Hull Coal and Coke Company,* 51 W. Va. 474, 41 S. E. 917; *Jackson* v. *Hough,* 38 W. Va. 236, 18 S. E. 575; *Maloney* v. *Barr,* 27 W. Va. 381; *Davisson* v. *Ford,* 23 W. Va. 617; *Moore* v. *Supervisors of Wetzel County,* 18 W. Va. 630; *Baltimore and Ohio Raliroad Company* v. *Lafferty,* 2 W. Va. 104.

When the contract remains open or executory or something is to be done under it besides the payment of the consideration, the plaintiff must proceed in special assumpsit. In such instance he must declare specially upon the express contract and general assumpsit does not lie. Kittle, The Modern Law of Assumpsit, Section 99; Hogg's Pleading and Forms, 4th Edition, Section 108; 7 C. J. S., Assumpsit, Action of, Section 6; *Campbell v. Kanawha and Hocking Coal and Coke Company*, 122 W. Va. 231, 9 S. E. 2d. 135; *Max Biederman, Inc.* v. *Henderson*, 115 W. Va. 374, 176 S. E. 433; *Minotti* v. *Young*, 99 W. Va. 97, 127 S. E. 913; *Whitaker-Glessner Company* v. *Suburban Brick Company*, 86 W. Va. 621, 104 S. E. 62; *Standard Fashion Company* v. *Lopinsky*, 84 W. Va. 523, 101 S. E. 152; *Thomas* v. *Mott*, 78 W. Va. 113, 88 S. E. 651; *Mankin* v. *Jones*, 68 W. Va. 422, 69 S. E. 981; *Bannister* v. *Victoria Coal and Coke Company*, 63 W. Va. 502, 61 S. E. 338; *Sandusky* v. *West Fork Oil and Natural Gas Company*, 63 W. Va. 260, 59 S. E. 1082; *Empire Coal and Coke Company* v. *Hull Coal and Coke Company*, 51 W. Va. 474, 41 S. E. 917; *Houston* v. *McNeer*, 40 W. Va. 365, 22 S. E. 80; *Baltimore and Ohio Railroad Company* v. *Lafferty*, 2 W. Va. 104.

The necessary allegations of the common count in general assumpsit for goods sold and delivered, or for labor and services performed, or for money lent and advanced, or for money received are that the defendant was indebted to the plaintiff in a designated sum of money, that, being so indebted, in consideration of such indebtedness, the defendant promised to pay the sum so designated, and that the defendant has failed and refused to do so. Kittle, The Modern Law of Assumpsit, Section 103; Hogg's Pleading and Forms, 4th Edition, Section 136.

The essential allegations of a special count are the statement of the contract, the consideration, except when based upon an instrument in writing which imports a consideration, the promise, the breach of the contract, the damages, and, in certain instances, the

inducement for the contract. Kittle, The Modern Law of Assumpsit, Sections 153 to 163; 1 Chitty on Pleading, 16th American Edition, Section 296, page 378. In special assumpsit the declaration must state the contract. This should be done with certainty and every part of the contract for the breach of which recovery is sought should be alleged. 4- Am. Jur., Assumpsit, Section 35. Except in special assumpsit on bills of exchange, promissory notes, and other legal liabilities which import a consideration, the whole consideration must be stated. 4 Am. Jur., Assumpsit, Section 36; Kittle, The Modern Law of Assumpsit, Section 155; Hogg's Pleading and Forms, 4th Edition, Section 116; *Beall* v. *Morgantown and Kingwood Railroad Company,* 116 W. Va. 515, 182 S. E. 295; *Thurmond* v. *Guyan Valley Coal Company,* 85 W. Va. 501, 102 S. E. 221; *Sandusky* v. *West Fork Oil and Natural Gas Company,* 63 W. Va. 260, 59 S. E. 1082; *Davisson* v. *Ford,* 23 W. Va. 617.

Testing the sufficiency of the first count of the amended declaration by the foregoing general principles relating to the action of assumpsit, it is manifest that, though portions of that count are set forth in the established form of a common count in general assumpsit for labor and services performed, other allegations of material matter show that the amount of $30,000.00 of the alleged indebtedness of $38,000.00 arises from and is based upon express or special contract consisting of a group annuity agreement and that the residue of the alleged indebtedness of $38,000.00, consisting of $8,000.00 of salary and "fringe benefits", likewise arises from and is based upon express or special contract. These allegations indicate clearly that each of those portions of the plaintiff's claim is embraced in and depends upon an express contract the elements of which, such as the nature of the contract, the consideration, the promise of the defendant, and the breach by the defendant, are not sufficiently alleged. They also show that those items of the plaintiff's claim are not based upon and do not arise from a prom-

ise implied by law and that the express contract as to each has not been completely executed.

The items or the amounts of $30,000.00 and $8,000.00 together constitute the plaintiff's claim. For that reason the allegations with respect to them are material and can not be regarded as surplusage which does not vitiate an otherwise good count of a declaration. See *Hall* v. *The Philadelphia Company,* 74 W. Va. 172, 81 S.E. 727; *Union Stopper Company* v. *Wood,* 66 W. Va. 461, 66 S. E. 702; *Union Stopper Company* v. *McGara,* 66 W. Va. 403, 66 S. E. 698. If those allegations had been omitted from the first count the other allegations, being in the recognized form, would have been sufficient to constitute a good common count in general assumpsit for labor and services performed and the count with the omission of the allegations relating to the $30,000.00 and the $8,000.00 would have been sufficient on demurrer. A demurrer to a declaration which contains only sufficient common counts in assumpsit can not be sustained. *Baker* v. *Letzkus,* 116 W. Va. 647, 182 S. E. 761; *Baker* v. *Letzkus,* 113 W. Va. 533, 168 S. E. 806; *Minotti* v. *Young,* 99 W. Va. 97, 127 S. E. 913; *Robinson* v. *Board of Education of the District of Cabin Creek,* 70 W. Va. 66, 73 S. E. 337. A common count, however, which does not allege a promise to pay the debt alleged, is insufficient on demurrer. *Koen* v. *Fairmont Brewing Company,* 69 W. Va. 94, 70 S. E. 1098.

By the allegations in the first count of the declaration of the items of $30,000.00 and $8,000.00 of the plaintiff's claim that count, which without them would have been a good common count in general assumpsit, has been converted into a special count based upon an express or special contract presumably between the defendant and an insurance company under which the plaintiff is apparently a beneficiary, and upon an express or special contract of employment between the plaintiff and the defendant relating to salary and employment benefits designated by the indefinite terms "fringe benefits". As

the count fails to set forth the substance of these contracts, the consideration upon which each is based, the promise of the defendant and the breach of each such contract, it is fatally defective and as it does not sufficiently state a cause of action in either general or special assumpsit, the demurrer to it should have been sustained. A count in a declaration in an action of assumpsit which contains some allegations in the established form of a common count in general assumpsit for labor and services performed but which contains other material allegations which show that a part of the alleged indebtedness of the defendant is based upon an express contract and that the residue of such indebtedness is also based upon an express contract, but which fails to set forth sufficiently a cause of action against the defendant arising from any express contract is not a good common count in general assumpsit but is a fatally defective special count in special assumpsit and is insufficient on demurrer.

The second count of the declaration, which is a special count, likewise does not sufficiently state a cause of action against the defendant. Though it undertakes to set forth an express contract of employment of the plaintiff by the defendant of a permanent nature, the only contract stated in the special count is an employment of the plaintiff by the defendant at the will of the parties. This status of the employment of the plaintiff is indicated clearly by the allegations that the plaintiff intended to quit his employment with the defendant but did not do so for the sole reason that it had established a retirement plan which gave him assurance that he would receive an income from the plan upon his retirement; that on December 15, 1953, he received a notice from the defendant signed by its president that, beginning January 1, 1954, his future compensation would consist of salary, retirement plan premiums and many "fringe benefits"; that on that date his basic salary would be increased to $725.00 per month; and that, as a result of the adoption by the defendant of the retirement plan

in 1950, the plaintiff remained in the employment of the defendant, which he otherwise would not have done. Though the special count also contains the allegations that when the retirement plan was established the plaintiff had "the understanding and agreement with the said company that as long as he properly performed his duties he would be continued in such employment;" and that "under such circumstances and in the light of the agreement between them as aforesaid there came into existence a valid contract upon which there had been a meeting of the minds and which was not subject to being broken or disregarded;" there is no allegation of any consideration for such agreement, or of its terms and provisions, or of its duration for any definite period of time. There is no allegation that the plaintiff paid anything or gave any consideration for any contract for his employment by the defendant, permanently or as long as his services were satisfactory to it, or that he made any payment for or under the retirement plan. On the contrary the special count alleges that the defendant "paid the premiums upon the said retirement plan." Ordinarily a contract of employment for as long as an employee satisfactorily performs his duties is of indefinite duration and terminable at will by either party unless such contract is supported by a consideration other than the obligation of service to be performed by the employee and the obligation of the employer to pay wages or salary for such service. 56 C. J. S., Master and Servant, Section 31.

It is also clear, from the allegations of the special count that, though the plaintiff was issued a certificate by The Prudential Insurance Company of America stating that the defendant was covered "under Group Annuity Contract No. GA-295, as a participant therein.", the agreement establishing the retirement plan was entered into between that insurance company and the defendant; that the plaintiff was not a party to that agreement and was not required to pay anything under it; and that by reason of the act of the defendant in discharging the

plaintiff from its employment before he attained his fifty fifth birthday, the insurance company was released from any liability to pay any benefits under the plan to the plaintiff. That the insurance company has been so relieved of any such liability is conceded in the brief of the attorneys for the plaintiff.

As the contract of employment of the plaintiff by the defendant, under the allegations of the special count, was a contract of employment at the will of the parties, it was terminable by either of them at any time. The plaintiff could have quit his employment, as he alleges he originally intended to do but changed his intention because of the establishment of the retirement plan, without any liability of any kind on his part to the defendant. Though he would have lost his benefits if he voluntarily quit his employment before he reached his fifty fifth birthday he would have incurred no liability to the defendant by terminating his employment; and as the only valid contract between the plaintiff and the defendant stated in the special count is a contract of employment of the plaintiff by the defendant at the will of the parties instead of an employment permanently or for a definite period of time, the defendant, in discharging the plaintiff, did not violate any duty which it owed the plaintiff and, in consequence, it did not incur any liability to him.

Under the law governing the relation of master and servant, an employment unaffected by contractual or statutory provisions to the contrary, may be terminated, with or without cause, at the will of either party to the contract of employment. *Bell* v. *South Penn Natural Gas Company*, 135 W. Va. 25, 62 S. E. 2d 285; 56 C. J. S., Master and Servant, Section 31. When a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract. *Bell* v. *South Penn Natural Gas Company*, 135 W. Va. 25, 62 S. E. 2d 285; *Adkins* v. *Aetna Life Insurance Company*, 130 W. Va. 362, 43 S.E. 2d 372; *Resener* v. *Watts, Ritter*

*and Company*, 73 W. Va. 342, 80 S. E. 839, 51 L. R. A., N. S., 629; *Boatright* v. *Steinite Radio Corporation*, 10 Cir., 46 F. 2d 385. "An employment upon a monthly or annual salary, if no definite period is otherwise stated or proved for its continuance, is presumed to be a hiring at will, which either party may at any time determine at his pleasure without liability for breach of contract." Point 1, syllabus, *Resener* v. *Watts, Ritter and Company*, 73 W. Va. 342, 80 S. E. 839, 51 L. R. A., N. S., 629. A contract of employment, for no definite period of time and under which an employee receives a fixed sum for each day, week, month or year of service, according to the weight of authority in this country, is an employment at will and is terminable at any time at the pleasure of the employer or the employee. *Bell* v. *South Penn Natural Gas Company*, 135 W. Va. 25, 62 S. E. 2d 285; *Title Insurance Company of Richmond* v. *Howell*, 158 Va. 713, 164 S. E. 387; *Harrod* v. *Wineman*, 146 Iowa 718, 125 N. W. 812; *Soloman* v. *Wilmington Sewerage Company*, 142 N. C. 439, 55 S. E. 300, 6 L. R. A., N. S., 391; *Watson* v. *Gugino*, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A., N. S., 1090, Ann. Cas. 1913D, 215; *Martin* v. *New York Life Insurance Company*, 148 N. Y. 117, 42 N. E. 416; *Boatright* v. *Steinite Radio Corporation*, 10 Cir., 46 F. 2d 385. See also 35 Am. Jur., Master and Servant, Sections 19, 20 and 21; 56 C. J. S., Master and Servant, Section 31; Annotations I, III, IV and V, 11 A. L. R. pp. 469 to 479; Annotations I, III, IV and V, 100 A. L. R. pp. 834 to 841. A special count in a declaration in an action of assumpsit, which sets forth no valid contract of employment of the plaintiff by the defendant other than a contract of employment at the will of either party to the contract, and in which count the plaintiff seeks to recover from the defendant on such contract damages which result from the act of the defendant in discharging the plaintiff from such employment, does not sufficiently state a cause of action against the defendant and is insufficient on demurrer.

The defendant contends that the amended declaration is insufficient on demurrer on the ground that there is a

misjoinder of a count sounding in contract with a count sounding in tort and the second question certified by the circuit court presents that issue. There is no merit in the contention of the defendant on that point. The first count of the amended declaration is based on contract but, as already pointed out, it is a fatally defective special count in that it is based on express contract but it fails to state a cause of action against the defendant arising from any sufficiently alleged express contract. The second count of the amended declaration is also based on contract but, as previously indicated, it is fatally defective in that the only valid contract alleged in that count is an express contract of employment of the plaintiff by the defendant at the will of each party to the contract and under the contract the defendant, in discharging the plaintiff, did not violate any duty which it owed the plaintiff and, in consequence, it did not incur any liability to him in so terminating his employment. Even if the allegations of the second count were sufficient to set forth a contract of employment of the plaintiff by the defendant, permanently or for such period of time as the plaintiff properly performed his duties, which the defendant violated by discharging the plaintiff, the act of the defendant in discharging the plaintiff would have been merely a breach of such contract of employment but it would not have constituted a tort. In consequence there is no misjoinder of a count in contract with a count in tort in the amended declaration and it is not insufficient on demurrer for any such misjoinder of counts.

In view of the conclusion reached on the questions whether either count of the amended declaration states a cause of action in assumpsit against the defendant and the question whether there is a misjoinder of a count sounding in contract with a count sounding in tort in the amended declaration, the first three certified questions are answered in the negative, the first part of the fourth certified question, as to whether the employment of the plaintiff by the defendant was at will, is answered in the affirmative, and the second part of that

certified question, as to whether the plaintiff has alleged a cause of action for damages in the amount of $8,000.00 for loss of prospective salary and "fringe benefits", is answered in the negative. These answers to these questions render it unnecessary to discuss, consider or decide the other questions presented by the certificate.

The action of the circuit court in overruling the demurrer to the amended declaration and each of its counts is reversed, with leave to the plaintiff to file another amended declaration if he should be so advised.

*Ruling reversed.*