**Deborah L. MOUNTS, Plaintiff,**

v.

**CORBIN, LTD., Defendant.**

**Civ. A. No. 3:90–0838.**

United States District Court,
S.D. West Virginia,
Huntington Division.

Aug. 16, 1991.

James Allen Colburn, Huntington, W.Va., for plaintiff.

Ricklin Brown, Bowles, McDavid, Graff, Love & Wise, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION
## AND ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of Defendant Corbin, Ltd. (Corbin) to dismiss this action pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, or in the alternative for summary judgment pursuant to *Rule* 56. A responsive memorandum of law has been submitted by Plaintiff, Deborah L. Mounts (Mounts), to which Corbin has replied. Accordingly, this matter is ripe for the Court's attention.

Corbin employed Mounts from August 29, 1988, until January 11, 1990. Mounts first worked as a "corner girl" and then as a supervisor. Corbin asserts that Mounts began to miss work with increasing frequency and that her absenteeism eventually became excessive. Corbin also contends that Mounts was given at least three warnings about her absenteeism before she was terminated. for excessive absenteeism. In affidavits submitted with her memorandum in response to Corbin's motion, Mounts denies she was warned about excessive absenteeism or that her discharge was due to absenteeism.

In her complaint, Mounts asserts that her termination was wrongful in the following respects:

"(a) It was a retaliatory discharge under *W.Va.Code,* § 23–5A–1 in that she was terminated because of her being off work due to illness.[1]

---

1. This allegation appears to be at odds with Mounts' affidavit where she denies that she was discharged for absenteeism.

(b) It was violative of federal and state due process, as well as the internal rules and regulations governing employees at Corbin, Ltd.

(c) It was a wrongful discharge under West Virginia law."

With its motion to dismiss Corbin has submitted an affidavit and other exhibits and attachments. As Mounts correctly notes, if on a *Rule* 12(b)(6) motion, matters outside the pleadings are presented to the Court "the motion shall be treated as one for summary judgment and disposed of as provided in *Rule* 56." Accordingly, the Court will consider Corbin's motion as a motion for summary judgment pursuant to *Rule* 56.

*Rule* 56(c) authorizes a summary judgment if

"The pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ..."

Mounts simplifies the disposition of this motion by listing those issues of fact which she believes are material and in dispute. Of the eight factual issues stated by Mounts, the Court concludes the following issues to be material:

"(1) Whether Mounts was an employee at-will or whether she had an implied contract of employment with Corbin due to the terms of Corbin's Administrative Employee Handbook.

(2) Whether Corbin warned Mounts about her excessive absenteeism.

(3) Whether all of Mounts' absences on account of illness were excusable under the Administrative Employee Handbook.

(4) Whether Corbin terminated Mounts because of absenteeism or whether Mounts was discharged in violation of *W.Va.Code,* § 23–5A–1."

## I.

 West Virginia is an "at-will" jurisdiction. *Wright v. Standard Ultramarine and Color Co.,* 141 W.Va. 368, 90 S.E.2d 459 (1955). Generally when private employment is "at will" an employee may quit for any reason and an employer, likewise, may discharge an employee for any reason or no reason, so long as the firing does not violate some substantial public policy. *Murray v. Kaiser Aluminum & Chemical Corp.,* 591 F.Supp. 1550 (S.D.W.Va.1984). The status of at-will employment, however, may be contractually modified. *Bell v. South Penn Natural Gas Co.,* 135 W.Va. 25, 62 S.E.2d 285 (1950). Generally, the existence of a contract is a question of fact for the jury. *Hallauer v. Fire Association,* 83 W.Va. 401, 98 S.E. 441 (1919). A court may be justified, however, in removing the issue from the jury's consideration where a *prima facie* case is lacking. *Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964); *Hinkle v. Martin,* 163 W.Va. 482, 256 S.E.2d 768 (1979).

In *Cook v. Heck's, Inc.,* —— W.Va. ——, 342 S.E.2d 453 (1986), the Supreme Court of Appeals held that:

"A promise of job security contained in an employee handbook distributed by an employer to its employees constitutes an offer for a unilateral contract; and an employee's continuing to work, while under no obligation to do so, constitutes an acceptance and sufficient consideration to make the employer's promise binding and enforceable ... [thus] an employee handbook may form the basis of a unilateral contract *if there is a definite promise therein by the employer not to discharge covered employees except for specific reasons* ... [T]he inclusion in the handbook of specified discipline for violations of particulars rules accompanied by a statement that the disciplinary rules constitute a complete list is *prima facie* evidence of an offer for a unilateral contract of employment modifying the right of the employer to discharge without cause." (Emphasis supplied).

*Cook v. Heck's, Inc., supra,* 342 S.E.2d at 459. The decision cautioned that "[n]o unilateral contract arises merely by the fact that [the employer] has alerted its employees that certain conduct may form the basis of a discharge." *Id.* citing with approval *Ruch v. Strawbridge and Clothier, Inc.,*

**148**

567 F.Supp. 1078 (E.D.Pa.1983) (applying Pennsylvania law).

■ The employment application which Mounts completed when she applied for her job with Corbin contained a clause immediately preceding her signature which stated as follows:

"If employed, I will follow the policies of Corbin, Ltd. and understand that my employment and compensation can be terminated with or without cause, or with or without notice at any time at my option or the option of the company."

Also, page 16 of the Handbook states that: "Activities such as, but not limited to, the following must be avoided as they are grounds for disciplinary action including discharge without progressive discipline." The Handbook then goes on to list thirty specific activities which constitute grounds for disciplinary action. Clearly, the words "such as, but not limited to, the following" show that the list of prohibited activities is not all inclusive. Also, on page 18 of the manual under the heading "Disciplinary Procedures" it states:

"In many cases, an employee will receive progressive discipline intended to correct the problem before termination becomes necessary. These procedures are generally taken in instances of poor attendance, poor quality, excessive errors or poor performance, although not limited to these situations. *The company reserves the right to discharge any employee without prior notice should an offense be a serious one.*"

The Court concludes that this manual, at the most, merely alerts its employees of certain conduct which may form the basis of discharge along with certain disciplinary actions which may or may not be taken as a result of such conduct. Whatever predictions, if any, this manual makes to Corbin's employees, it falls far short of making a definite promise not to discharge the employee except for cause.

Very recently the Supreme Court of Appeals of West Virginia revisited the *Cook v. Heck's* rulings and held:

"An employer may protect itself from being bound by statements made in an employee handbook by having each prospective employee acknowledge in his employment application that the employment is for no definite period and by providing in the employment handbook that the handbook's provisions are not exclusive."

*Syl. pt. 4, Suter v. Harsco Corp.,* —— W.Va. ——, 403 S.E.2d 751 (1991). This holding applies strongly in support of Corbin's position considering the wording of the disclaimer on the employment application and the highlighted language of the handbook.

Mounts also has failed to submit any other evidence which would indicate that this handbook was intended by Corbin to modify Mounts' employment at-will status. Thus, Plaintiff has failed to establish a *prima facie* case for an implied contract of employment. Accordingly, the Court concludes that Mounts was an employee at-will and dischargeable as such.

II.

Mounts asserts in her complaint she was given a "disability certificate" from Cabell Huntington Hospital indicating she was unable to work from January 9, 1990, through January 12, 1990. Mounts then contends she was wrongfully discharged from Corbin, "under *W.Va.Code,* § 23–5A–1 in that she was terminated because of her being off duty due to illness." [2] *W.Va.Code,* § 23–5A–1 provides that:

"No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under [workers compensation]."

■ In its motion to dismiss, Corbin states that "[w]orkers compensation played absolutely no part in [Mounts'] discharge." An affidavit by Wiletta Damron, Vice President of Personnel for Corbin, states that:

"Corbin, Ltd. terminated Miss Mounts' employment on January 11, 1990, because of excessive absenteeism. Corbin,

2. Plaintiff's complaint, Count VIII.

Ltd. did not terminate Miss Mounts' employment in retaliation for any attempt by her to seek or receive any workers compensation claims, benefits, or rights."

*Rule* 56(e), Federal Rules of Civil Procedure, states that:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

*Rule* 56 makes it clear that a party opposing a summary judgment motion may not rest upon the allegations in the pleadings. The opposing party has the burden to produce specific facts showing the existence of a genuine issue for trial. *McKinney v. K-Mart Corp.*, 649 F.Supp. 1217, 1222 (S.D.W.Va.1986).

■ In her own affidavit attached to the responsive memorandum, Mounts contends that:

"... the alleged reason for discharge of excessive absenteeism is a sham and is simply not true in light of the fact that I was told, both in writing and orally, that personal illness was excused."

Nowhere in her responsive memorandum or in any of her affidavits or attachments does Mounts set forth any specifics showing why she was terminated. Instead, she merely denies she was discharged because of absenteeism. The Court can only assume that Mounts' position is that she was discharged for her "receipt of or attempt to receive benefits" under workers compensation as alleged in her complaint. *W.Va. Code,* § 23–5A–1.[3] As stated above, however, Mounts may not rest upon the allegations of her pleadings. In order to survive a motion for summary judgment, Mounts has a duty to set forth specific facts showing that there is a genuine issue for trial. Mounts has not submitted any evidence showing she was discharged because of matters related to workers compensation or an employee benefit plan. Mounts has failed to show that the basis of her alleged wrongful discharge is a genuine issue of material fact. Accordingly, the Court concludes that Mounts was discharged because of excessive absenteeism and *not* because of her attempt to receive workers compensation benefits or benefits from an employee benefit plan.

Inasmuch as Mounts herself asserted that she was not discharged because of excessive absenteeism, it is not necessary to determine whether excessive absenteeism could constitute a recognized exception to the employment at-will doctrine. *See Washington v. Union Carbide Corp.*, 870 F.2d 957 (4th Cir.1989). Also compare *Cunningham v. Owens–Illinois, Inc.*, 669 F.Supp. 757 (S.D.W.Va.1987).

Accordingly, Defendant's motion for summary judgment is granted and the case will be dismissed with prejudice.

**3.** Mounts has recently invoked a further public policy contention that she was discharged for exercising a right to which she is entitled under an employee benefit plan, per 29 U.S.C. § 1140. She has offered no proof supporting this contention nor has she presented a statute or a deci-·sion of court to support a conclusion that such is a public policy of West Virginia. See *Tritle v. Crown Airways, Inc.,* 751 F.Supp. 585 (S.D.W.Va.1989); *affirmed* 928 F.2d 81 (4th Cir. 1990).