# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Barbara Chamberlain,**
**Plaintiff Below, Petitioner**

**vs)  No. 13-0038** (Randolph County 12-C-68)

**Wexford Health Sources, Inc.,**
**and Tristan Tenney, Defendant Below,**
**Respondent**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara Chamberlain, by counsel, Mark Goldner, appeals the Circuit Court of Randolph County's order entered on December 6, 2012, granting summary judgment in favor of Respondents Wexford Health Sources, Inc., and Tristan Tenney. Respondents appear by counsel Charles L. Woody and Matthew P. Heiskell.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Wexford Health Sources, Inc., (Wexford) has a contract with the West Virginia Division of Corrections (DOC) to provide various healthcare services to prison inmates throughout the State of West Virginia. Respondent Tristan Tenney is employed as a supervisor for Wexford at the Huttonsville Correctional Center in Randolph County (Huttonsville). Petitioner was an at-will employee of Wexford and worked as a licensed practical nurse. During the tenure of her employment, petitioner received repeated disciplinary actions for poor attitude.

Petitioner complained to Respondent Tenney and Director of Nursing, Diane Smith, about the lack of adequate medical supplies, including insulin, to treat the inmates at the facility. During the summer of 2009, Respondent Tenney instructed petitioner and other nurses to mix two types of insulin to prepare insulin injections for inmate patients. Petitioner and the other nurses did not feel qualified to mix the insulin as ordered by Respondent Tenney and they refused.

On or about December 4 and 8, 2009, petitioner was disciplined by Respondent Tenney for a bad attitude and insolent tone. She maintained those allegations were false.

1

On January 1, 2010, petitioner submitted an incident report to Respondent Tenney concerning unsecured medications in the hospital lab. On January 18, 2010, petitioner received a written disciplinary warning from Respondent Tenney for poor work performance. Petitioner asserted that Respondent Tenney issued this disciplinary action in retaliation for her submitting the incident report. Thereafter, on or about April 15, 2010, petitioner received a final written warning from Respondent Tenney for bad attitude. Petitioner resigned on May 15, 2010.

On April 18, 2012, petitioner filed her complaint alleging a claim for retaliatory discharge. She cited to four different statutory provisions in support of her claim: 1) corrections program public policy pursuant to West Virginia Code § 25-1-1a; 2) safe workplace public policy pursuant to West Virginia Code § 21-3-1; 3) wage payment public policy pursuant to West Virginia Code § 21-5-1; and 4) sex discrimination public policy pursuant to West Virginia Code § 5-11-1. Respondents filed a motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b)(6) and 8(c), asserting that petitioner failed to cite a substantial public policy in support of her claim and that the complaint was time-barred. The circuit court denied respondents' motion and the parties commenced discovery.

On December 6, 2012, the parties filed a stipulation of dismissal of two of the four claims set forth in petitioner's complaint. Pursuant to the stipulation, petitioner voluntarily dismissed her claims of retaliatory discharge in violation of public policy based on sex discrimination and wage payment. Thereafter, respondents requested that the circuit court reconsider their motion to dismiss petitioner's claims for retaliatory discharge on the two remaining public policy grounds: 1) the alleged public policy set forth in West Virginia Code § 25-1-1a, that provides that corrections programs shall be administered in a "just [and] humane" manner; and 2) the alleged public policy set forth in West Virginia Code § 21-3-1, that imposes a duty upon West Virginia employers to provide and to maintain employment places in a reasonably safe condition.

Upon reconsideration, the circuit court found that petitioner failed to cite a substantial public policy that provided her with a cause of action under the complaint.[1] The circuit court also found that respondents "had an overriding business justification for the discharge from employment of [petitioner] by virtue of her bad attitude and insolent tone, work performance warnings, and [the] final written warning about attitude." The circuit court dismissed her complaint by order dated December 6, 2012.

---

[1]In a memorandum filed in opposition to respondents' motion for summary judgment, and at oral argument before the circuit court, petitioner cited the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, *et seq.,* as the public policy for an employer to maintain a safe working environment. We note that petitioner did not cite to OSHA in her complaint. This Court agrees with the circuit court's finding that OSHA and West Virginia Code § 25-1-1a "were not designed for the purpose of protecting inmates" and petitioner "makes no causal connection in her [c]omplaint about lack of medical supplies and some threat by inmates to her safety." Accordingly, we find no merit in petitioner's argument that she may base her claim for retaliatory discharge on the public policy of an employee's right to a safe workplace environment.

On appeal to this Court, petitioner contends that the circuit court erred in granting respondents' motion for summary judgment. Petitioner requests we remand the case for a trial on the merits.

This Court reviews a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 1, *Carr v. Michael Motors, Inc.*, 210 W.Va. 240, 557 S.E.2d 294 (2001). We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter.* Mindful of these principles, we address the issue raised on appeal.

Petitioner asserts the circuit court erred by granting summary judgment in favor of respondents because the court erroneously determined that there was no substantial West Virginia public policy on which she may base her claim of retaliatory discharge. She argues that there is a substantial West Virginia public policy requiring humane treatment of inmates and establishing inmates' right to adequate medical care. She continues to rely on West Virginia Code § 25-1-1a[2] as the substantial public policy to support her claim. In addition, petitioner now asserts, for the first time, that the DOC's Policy Directive No. 410.02,[3] which establishes standards for inmates' medical care, is substantial public policy of West Virginia.

We begin by recognizing that in the State of West Virginia, employers and employees alike are generally governed by the at-will employment doctrine. Pursuant to this principle, "[w]hen a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract." Syl. Pt. 2, *Wright v. Standard Ultramarine & Color Co.*, 141 W.Va. 368, 90 S.E.2d 459 (1955). This Court has held that "an at-will employee serves at the will and

---

[2]West Virginia Code 25-1-1a, states, in part,

> The primary purpose of the Division of Corrections is to enhance public safety by providing for the incarceration and care of convicted offenders who have been sentenced by courts of proper jurisdiction to serve terms of incarceration. It is the intent of the Legislature:
> . . .
> (3) to establish a just, humane and efficient corrections program; and
> . . .
> (b) This section shall be construed in favor of public safety.

[3]Policy Directive 410.02 provides, in part,

> It is the policy of the [DOC] to maintain a mechanism that ensures correctional institutions/facilities/centers provide health care services . . . in order to protect the health and wellbeing of their inmate populations.

pleasure of his or her employer and can be discharged at any time, with or without cause." *Kanagy v. Fiesta Salons, Inc.,* 208 W.Va. 526, 529, 541 S.E.2d 616, 619 (2000) (internal citation omitted).

An exception to the at-will employment doctrine recognizes that, in spite of the right of employers to terminate their employees, "[o]ne of the fundamental rights of an employee is the right not to be the victim of a 'retaliatory discharge,' that is, a discharge from employment where the employer's motivation for the discharge is in contravention of a substantial public policy[.]" *Kanagy,* 208 W.Va. at 530, 541 S.E.2d at 620 (quoting *McClung v. Marion County Comm'n,* 178 W.Va. 444, 450, 360 S.E.2d 221, 227 (1987)). *See* Syl. Pt. 2, *Birthisel v. Tri-Cities Health Servs. Corp.,* 188 W.Va. 371, 424 S.E.2d 606 (1992) ("To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to establish precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions.").

In order to sustain a cause of action for retaliatory discharge, the public policy relied upon must not just exist; it must be substantial. Moreover,

> [t]he term "substantial public policy" implies that the policy principle will be clearly recognized simply because it is substantial. An employer should not be exposed to liability where a public policy standard is too general to provide any specific guidance or is so vague that it is subject to different interpretations.

*Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 745, 559 S.E.2d 713, 718 (2001) (quoting *Birthisel*, 188 W.Va. at 377, 424 S.E.2d at 612). Therefore, to be substantial, a public policy must not just be recognizable as such but must be so widely regarded as to be apparent to employers and employees alike. We note that the "determination of the existence of public policy in West Virginia is a question of law, rather than a question of fact for a jury." *Kanagy,* 208 W.Va. at 529, 541 S.E.2d at 619.

Turning now to the issue presently before the Court, we must decide whether an inmate's right to adequate medical care is a substantial public policy exception to support a cause of action for retaliatory discharge. This Court finds no substantial public policy in West Virginia law lending support to petitioner's claim. While West Virginia Code § 25-1-1a does refer to a "just, humane and efficient corrections program," these words are too general to provide any specific guidance. Furthermore, this statute explicitly provides that the primary purpose of the DOC is to "enhance public safety" by incarcerating convicted offenders. Similarly, Policy Directive 410.02 does not provide a substantial public policy related to petitioner's complaint about adequate medical care. The provision does refer to "appropriate services and supplies . . . to promote the maintenance of acceptable levels of offender hygiene." Likewise, this phrase is too general to provide any specific guidance. Furthermore, petitioner concedes that she did not present Policy Directive 410.02 to the circuit court, and the circuit court did not consider it. This Court declines to pass on a non-jurisdictional question which has not been decided by the circuit court in the first instance. Syl. Pt. 10, *Vandevender v. Sheetz, Inc.*, 200 W.Va. 591, 490 S.E.2d 678 (1997).

For the foregoing reasons, we affirm the circuit court's order granting summary judgment in favor of respondents. Petitioner has failed to cite a substantial public policy of West Virginia which provides her with a cause of action under the complaint. Therefore, as an at-will employee, respondent could discharge petitioner with or without cause.[4] *See Kanagy,* 208 W.Va. at 529, 541 S.E.2d at 619 (2000).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4]We therefore find no merit in petitioner's contention that the circuit court committed error by holding that respondents had an overriding business justification for terminating her employment for bad attitude.